**David BARNES, Appellant,**

v.

**CITY OF LAWSON, Missouri, Respondent.**

**No. WD 43945.**

Missouri Court of Appeals, Western District.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1991.

Application to Transfer Denied Jan. 28, 1992.

William R. Merryman, Kansas City, for appellant.

David Roy Buchanan, Kansas City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

Appellant, David Barnes, appeals from a summary judgment entered by the trial court in favor of respondent, City of Lawson. In the underlying action, Barnes brought suit against the City of Lawson in a five count Petition in relation to his discharge as a police officer for the City of Lawson. Count I was for declaratory judgment with Barnes claiming that his discharge was in violation of § 79.240, RSMo 1986. Count II was for judicial review of the discharge. Count III was for wrongful discharge. Count IV was for denial of due process. Count V was for breach of contract.

The relevant facts as supported under the record will be discussed as necessary in relation to the points raised in this appeal. However, an appellate court must review the entire record in the light most favorable to the party against whom summary judgment was entered when addressing a summary judgment. *Triggs v. Risinger*, 772 S.W.2d 381, 382 (Mo.App.1989). The trial court may enter summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the law entitles the moving party to a favorable judgment. *Ronollo v. Jacobs*, 775 S.W.2d 121, 125 (Mo. banc 1989).

In his first point on appeal, Barnes argues that he was an appointed officer and that he could only have been discharged in March of 1988, under the provisions of § 79.240, RSMo 1986.

The record reflects that the City of Lawson is a fourth class city to which § 79.240, RSMo 1986, is applicable. This section provides, in pertinent part, as follows:

The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals.

Barnes was discharged from his position as a police officer for the City of Lawson by the City's Chief of Police, not by the mayor or the Board of Aldermen. The Chief of Police was appointed by the Board of Aldermen in accordance with § 79.050.1,

RSMo Supp.1990,[1] which provides, in pertinent part, as follows:

> ... The board of aldermen may provide by ordinance, after the approval of a majority of the voters voting at an election at which the issue is submitted, for the appointment of a ... chief of police, who shall perform all duties required of the marshall by law, and any other police officers found by the board of aldermen to be necessary for the good government of the city.

The record reflects that the electorate of the City of Lawson did authorize the Board of Aldermen to appoint a chief of police for the City as provided pursuant to § 79.050, RSMo Supp.1990. The issue submitted to the electorate was as follows:

> Shall the Board of Aldermen of the City of Lawson, Missouri, provide by ordinance for the appointment of a Chief of Police, who shall perform all duties required of the marshall by law, and any other police officers found by the Board of Aldermen to be necessary for the good government of the city.

Pursuant to the approval by the voters of the proposal for appointment of a chief of police, the Board of Aldermen adopted ordinance KK 174 appointing only a chief of police.

Section 85.610, RSMo 1986, authorizes the marshall in fourth class cities to make and order arrests. Section § 85.620, RSMo Supp.1990, provides that police of a fourth class city may be appointed in such numbers, for such time and in such manner as may be prescribed by ordinance.[2] The record does not reflect that any police officers, other than the Chief of Police, were ever appointed by the Board of Aldermen by ordinance or otherwise or that the appointment of police officers by the Chief of Police was specifically authorized by ordinance. Barnes' position as a police officer for the City was offered to him by the Chief of Police and, as stated previously, Barnes was also discharged by the Chief of Police.

■ There is no dispute that appellant, David Barnes, was employed by the City of Lawson as a police officer at the time of his discharge. However, not being an appointed officer as contemplated under § 79.050. RSMo Supp.1990, or as allowed under § 85.620, RSMo Supp.1990, Barnes is regarded as a common law employee. *See, Cooper v. City of Creve Coeur*, 556 S.W.2d 717, 720 (Mo.App.1977). As a common law employee, Barnes was subject to discharge at will without reason, or for any reason, and without the approval of the mayor, or the Board of Aldermen, as required for appointed officers under § 79.240, RSMo 1986. *Id.* at 721.

Barnes' first point is denied.

In his second point, Barnes argues that since he was an appointed officer and could only be discharged pursuant to § 79.240, RSMo 1986, he is entitled to bring an action for Declaratory Judgment to determine the validity and application of the statute to him. In his third point, Barnes argues that even if he was a common law employee at will, he could still only be discharged in accordance with the terms of § 79.240, RSMo, 1986. In light of this court's determination under Barnes' first point, that he was not an appointed officer and that his discharge was not subject to the provisions of § 79.240, his second and third points are denied.

■ In his fourth point, Barnes argues that he is entitled to judicial review of his discharge in accordance with § 536.150, RSMo 1986, of the Administrative Procedure Act. Section 536.150, RSMo 1986, in pertinent part, as argued by appellant, provides for judicial review when an administrative officer or body existing under the Constitution or by statute or by Municipal Charter or ordinance, renders a decision

---

1. Although § 79.050 has been amended several times since the City of Lawson chose to appoint a chief of police in accordance with this statutory procedure, the substantive language of the statute as quoted in this opinion and relevant to this cause has not been changed.

2. § 85.620, RSMo 1986, was amended in 1990 without change to the language significant in this cause.

determining the legal rights, duties, or privileges of any person which decision is not subject to administrative review.

Section 536.150, RSMo 1986, has been held not to be applicable to provide judicial review to a common law employee at will who is not otherwise protected by statute, ordinance, regulation or employment contract. *Karzin v. Collett*, 562 S.W.2d 397, 400 (Mo.App.1978). Barnes was such an employee at will, not otherwise protected. Section 536.150, RSMo 1986, does not authorize judicial review of Barnes' discharge.

Barnes' fourth point is denied.

In his fifth and final point, Barnes argues that the trial court erred by granting summary judgment on Count IV of his petition under 42 U.S.C. § 1983, because the record reflects a deprivation of his liberty interests.

Barnes correctly states that the safeguards of procedural due process, requiring notice and an opportunity to be heard, attach and protect a liberty interest where a person's good name, reputation, honor or integrity is at stake because of governmental action. *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). However, when a governmental employee is terminated for unsatisfactory performance and insubordination, an infringement of liberty does not attach. *Johnson v. City of Buckner*, 610 S.W.2d 406, 409 (Mo.App.1980); citing, *Mazaleski v. Treusdell*, 562 F.2d 701 (D.C.Cir.1977) and *Russell v. Hodges*, 470 F.2d 212 (2d Cir.1972). To infringe upon a person's liberty interests, the reasons for discharge must seriously harm their standing within the community or foreclose their future opportunities for re-employment. *Id.*

The record in the case at bar reflects that the reasons given for Barnes' discharge amounted to unsatisfactory job performance, failure to follow departmental policy and insubordination. The record nowhere reflects serious harm to Barnes' standing within the community or that his

opportunities for re-employment were foreclosed by the reasons for his discharge.

The judgment of the trial court is affirmed.

All concur.