**David R. COLE, Appellant,**

**v.**

**CONSERVATION COMMISSION, State of Missouri, and Missouri Department of Conservation, and Jerry P. Combs, William A. Dalton, Jay G. Henges and John Powell, constituting all of the members of the Conservation Commission, and Jerry J. Presley, Director of the Missouri Department of Conservation, Respondents.**

**No. WD 48915.**

Missouri Court of Appeals,
Western District.

July 5, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied
Oct. 25, 1994.

---

John A. Ruth, Robert K. Angstead, Newman, Comley & Ruth, Jefferson City, for appellant.

Jane A. Smith, Missouri Dept. of Conservation, Jefferson City, for respondents.

Before TURNAGE, C.J., and FENNER and HANNA, JJ.

TURNAGE, Chief Judge.

David R. Cole filed suit against the Conservation Commission[1] and Jerry Presley, Director of the Department of Conservation, and others seeking reinstatement as a conservation agent and back pay. The court entered summary judgment against Cole. Cole contends that the Commission and the other defendants were not entitled to summary judgment as a matter of law. Affirmed.

Cole was employed as a conservation agent from January 1, 1985 until April 1992 when Presley notified him that his employment was terminated. Cole's termination followed an altercation between Cole and a Central Methodist College student on the college campus[2] in March 1992.

The parties agree that Cole was not a merit employee. The Commission had published an administrative and human resources management manual by which Cole was not entitled to a pre-termination hearing but it did provide for a five-step grievance procedure following termination. The last step in that procedure gave the employee the right to appear before the Commission to give the employee's version of the termination. The procedure did not call for the calling of witnesses nor any type of an adversary hearing.

After Cole appeared before the Commission he was notified that the action of Presley in terminating him was upheld. Thereafter Cole filed this action in the circuit court by which Cole sought judicial review of his termination under § 536.150, RSMo 1986.[3] On motion of all of the defendants, the court entered summary judgment in favor of all defendants.

■ Cole does not contend there is any genuine dispute as to the facts but contends as a matter of law the defendants were not entitled to judgment. Summary judgment may be entered when the prevailing party has demonstrated a right to judgment as a matter of law. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376[7, 8] (Mo. banc 1993).

---

1. The Commission was established by Art. IV § 40(a) of the Missouri Constitution.

2. The altercation occurred while Cole was off duty and involved a personal dispute between Cole and the student. It did not involve the enforcement of the game laws.

3. All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

■ Cole first contends that he had a property right in continued employment because he was employed by a public agency as contrasted to being employed in the private sector. In *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985), the Court held "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....'" (*quoting, Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). In *Barnes v. City of Lawson,* 820 S.W.2d 598, 601 (Mo.App.1991), this court held that judicial review is not available to a terminated employee-at-will unless the employee is protected by statute, ordinance, regulation or employment contract. Thus, Cole acquired no property right in continued employment from the Constitution, but his right to continued employment must be found to exist by reason of statute, ordinance, regulation or employment contract.

■ Cole attempts to demonstrate that he has a right of continued employment, with a concomitant right to judicial review of his termination, by contending that Art. 5, § 18 of the Missouri Constitution provides that all final decisions of an administrative body which are judicial or quasi judicial and affect private rights shall be subject to direct review by the courts as provided by law. Cole contends that this constitutional right is implemented in § 536.150 which provides for judicial review when an administrative body renders a decision that determines legal rights, duties or privileges of any person and that decision is not subject to administrative review. As noted above *Barnes* held that an at-will public employee is not entitled to judicial review of termination under § 536.150. Therefore, Cole was not entitled to review under Art. V, § 18.

■ Cole attempts to establish that he was not an at-will employee by contending that the manual published by the Commission stated that employees would not be terminated except "for cause." Cole derives this contention from the five-step disciplinary procedure provided in the manual. The manual states that "It is the policy of the department that any employee who violates rules or procedures of the Department shall be subject to the following disciplinary actions: ...." Under step five of the procedure the manual states "If additional facts indicate the employee was not at fault,...." From these provisions Cole derives the argument that under the manual he could only be terminated for cause. Cole overlooks the fact that he was not terminated for violating rules and regulations of the Commission. In his letter of termination Presley stated that Cole's supervisor found that Cole's actions had brought discredit on the Department of Conservation. Presley stated that he had reviewed Cole's personnel file and the previously written warnings and disciplinary probation status of Cole. It was the conclusion of Presley that based upon Cole's record that the recommendation of Cole's supervisor that Cole be terminated should be accepted. Cole further overlooks the fact that the manual states that nothing in the manual "requires the Department to have 'just cause' to terminate ... an employee at any time or for any reason." When the manual did not require the Commission to have "cause" to terminate Cole, Cole was an at-will employee who could be terminated at any time for any reason. As an at-will employee, Cole was not entitled to judicial review under § 536.150. *Barnes, supra.*

■ Cole next contends he was a peace officer under § 252.085 and under § 590.500 he was entitled to notice of the reason for his termination with the opportunity to be heard within forty-eight hours. Section 252.085 provides that all authorized agents of the Commission who have attained proper certification as peace officers in accordance with Chapter 590 are declared to be officers of the State of Missouri. It is not necessary to examine Cole's contention because there is nothing in the record to indicate that he had attained the proper certification to become a peace officer. For that reason the provision of § 590.500 does not apply to Cole.

Cole relies on a number of cases for his contention that public employees have a property interest in continued employment but all of these cases involve a statute or

ordinance which restricts the right of the public entity to terminate an employee. There is no statute which restricts the right of the Commission to terminate Cole. The cases cited are inapplicable.

■ Cole next contends that his termination without the right of judicial review violates the separation of powers clause, Art. 2, § 1, of the Missouri Constitution, because the Commission exercises powers reserved to the judiciary. In *State ex inf. Barrett, ex rel. Bradshaw v. Hedrick,* 294 Mo. 21, 241 S.W. 402, 422[23, 24] (banc 1922), the Court considered the validity of a statutory scheme for the removal of an officer of the executive department of the state. The procedure called for charges to be served on the employee and a hearing be held before the Governor. The argument was made that the procedure violated the separation of powers because the Governor was exercising judicial authority in holding a hearing. James T. Blair, C.J., in a concurring opinion concurred in by four judges, held that "The act of removal is not made judicial because proceedings for removal are ordained which include some or all of the features of a trial. They are still mere conditions imposed upon the exercise of an executive or administrative power." Here the Commission exercised its power to terminate Cole. Under *Hedrick* that action did not implicate the power of the judicial department.

■ Cole finally contends that he was entitled to a judicial review of his termination because he could not be terminated as an at-will employee since he had pleaded the public policy exception to the employee-at-will doctrine. In *Yow v. Village of Eolia,* 859 S.W.2d 920, 922[5, 6] (Mo.App.1993), the court stated:

> The public policy exception is a narrow one. To be sustainable as an actionable claim for wrongful discharge, an employee suing under the public policy exception to the employment-at-will doctrine must allege and prove that conduct required of him by the employer would have amounted to a violation of a statute, constitutional provision or regulation adopted pursuant to statute, and also that his discharge was attributable to either a refusal to perform the unlawful act or his performance of a mandated lawful act contrary to the directions of his employer.

Cole failed to plead facts which would bring him within the public policy exception. He did not plead that the Commission required him to do anything which would have amounted to a violation of a statute, a constitutional provision or regulation. Nor did he plead that he was discharged because he refused to perform an unlawful act or that he performed a mandated act contrary to the directions of his employer. Cole pleaded that he was performing his duties as a peace officer when he stopped a college student on the college campus. However, as noted above there is nothing in the record to indicate that Cole had acquired the certification required to be declared a peace officer.

Cole alleges that his termination resulted from pressure exerted on the Commission based on personalities and that he comes within the third category of the public policy exception stated in *Clark v. Beverly Enterprises–Missouri,* 872 S.W.2d 522, 525[1, 2] (Mo.App.1994). That exception relates to activities of an employee which public policy would encourage such as performing jury service. He did not plead that he was terminated for performing an act which public policy would encourage. Cole failed to allege facts which would state a claim under the public policy exception to the employee at-will doctrine.

Under the facts Cole was an at-will employee and as such was not entitled to judicial review of his termination. *Barnes, supra.*

The judgment is affirmed.

All concur.