_____

No. 95-3414
_____

Larry E. Yowell,                        *
                                        *
          Appellant,                    *
                                        *   Appeal from the United States
     v.                                 *   District Court for the Western
                                        *   District of Missouri.
Jerry P. Combs; Andy Dalton;            *
Jay Henges; John Powell;                *
Jerry J. Presley; David                 *
Hurlbut,                                *
                                        *
          Appellees.                    *

_____

              Submitted: March 15, 1996

                 Filed: July 17, 1996
_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.
_____

BEAM, Circuit Judge.


     Larry Yowell brought this 42 U.S.C. § 1983 action against Missouri
Department of Conservation officials.  He alleged they violated his civil
rights by demoting him and transferring him without a hearing.  The
district court[1] granted summary judgment to the officials based upon
qualified immunity.  We affirm.


I.  BACKGROUND


     In 1972, Yowell began working for the Missouri Department of
Conservation (the Department) as a county agent.  He held various positions
within the Department over the next twenty-one years of employment.  In
1987, he was promoted to Regional Supervisor of the

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District
Judge for the Western District of Missouri.

North Central Region.  By 1993, however, Yowell's superiors had become unhappy with his performance.  Consequently, they demoted him and transferred him to another position, in another county.  At the time, Yowell had no employment contract, written or oral, that specified other than an "at-will" arrangement.

To protest his demotion and transfer, Yowell appealed to the Missouri Conservation Commission.  The Commission unanimously approved the demotion decision.  Yowell then resigned his position with the Department.  He later tried to withdraw his resignation, but his attempt was denied by the director of the Department.  Yowell now characterizes his resignation as a termination.[2]

Yowell then filed this section 1983 action alleging the officials violated his civil rights in failing to give him a hearing before demoting and transferring him.  The district court granted summary judgment for the officials finding qualified immunity shielded them from suit.  On appeal, Yowell contends the officials are not entitled to qualified immunity because his right to continued employment with the Department was so clearly established at the time of his demotion that the officials must reasonably have known that their actions violated that right.

## II.  DISCUSSION

Summary judgment is proper only when no genuine issue of material fact is present and judgment should be awarded to the movant as a matter of law.  Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992).  We review the entry of summary judgment de novo, giving the nonmoving party the benefit of every inference drawn from the evidence.  Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993).  The district court's decision to

---

[2]For purposes of our analysis, we will treat Yowell's resignation as a termination.

-2-

grant qualified immunity is an issue of law which we review de novo. <u>White v. Holmes</u>, 21 F.3d 277, 279 (8th Cir. 1994). Applying these standards, we find no error in the district court's grant of summary judgment for the officials.

Qualified immunity shields government officials from suit unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known.[3] <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Reece v. Groose</u>, 60 F.3d 487, 491 (8th Cir. 1995). This court has established a three-pronged inquiry to be made when defendants allege they are protected by qualified immunity: (1) whether the plaintiff has asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiff, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged action indeed violated that right. <u>Foulks v. Cole County, Mo.</u>, 991 F.2d 454, 456 (8th Cir. 1993).

We must first determine whether Yowell had a right to continued employment with the Department at the time of his demotion so as to require a hearing. We hold that he did not.[4] Under his employment contract, Yowell was an at-will employee. As an at-will employee, he had no right to continued employment with the Department. <u>See</u> <u>Johnson v. McDonnell Douglas Corp.</u>, 745 S.W.2d 661, 663 (Mo. 1988) (absent valid employment contract to the

---

[3]At all times relevant to this action, the defendants were acting in their official capacity, within the scope of their employment.

[4]In so holding, we recognize that our analysis differs from that of the district court. We may, however, affirm the district court on any grounds supported by the record. <u>See</u>, <u>e.g.</u>, <u>Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.</u>, 4 F.3d 605, 608 (8th Cir. 1993).

-3-

contrary, at-will employee could be discharged for cause or without cause); Cole v. Conservation Comm'n, 884 S.W.2d 18, 20-21 (Mo. Ct. App. 1994) (despite claims that state constitution, statutes and employment manual created right to continued public employment, conservation agent remained at-will employee). Indeed, as an at-will employee, Yowell could be terminated at any time, for any reason, with or without a hearing. Cole, 884 S.W.2d at 20.

To avoid this result, Yowell must show that his at-will status was altered by contract, a state constitutional provision, statute, or regulation. Johnson, 745 S.W.2d at 663. Under Missouri law, an employer's offer to modify an employee's at-will status must be clear and definite. Id. at 662. Yowell has pointed to no such offer. Furthermore, although Yowell cites numerous other sources in support of his claim that his at-will employment status was altered, we have reviewed these sources and find they do not support his claim. For example, neither Missouri's Constitution nor its statutes restricted the Department's right to terminate Yowell.[5] The intra-departmental policies on which Yowell relies, though they provide a five-step process for disciplinary actions, make it clear that "just cause" is not required for employment terminations and offer Yowell no increased protection. Additionally, Yowell's twenty-one years of employment with the Department are not sufficient to alter his at-will employee status. Yowell remained employed by the Department, at the Department's will.

_____

[5]Yowell claims, *inter alia*, that his certification as a peace officer altered his employment status from that of an at-will employee. See, e.g., Mo. Rev. Stat. § 590.500. We disagree. Section 590.500 provides that, within 48 hours of termination, a peace officer may have a meeting with the employer regarding the termination, upon written request of the employee. Yowell made no such request here. Furthermore, the mere provision for a hearing does not create a right to continued employment. See, e.g., Stow v. Cochran, 819 F.2d 864, 866-67 (8th Cir. 1987) (grievance procedure which does not establish grounds upon which termination must be based does not create interest in employment).

-4-

What occurred here was simple. Yowell was demoted and transferred because of his poor work performance. The Department neither owed, nor gave Yowell a hearing prior to its action. Yowell chose to resign instead of continuing to work in the new position. He cannot now successfully argue that he was anything more than an at-will employee, simply because he is unhappy with his resignation decision. Therefore, because Yowell failed to allege the violation of a constitutional or statutory right, the district court correctly found these officials were entitled to summary judgment.

Yowell further argues the district court erred in dismissing his section 1983 action prior to the completion of discovery. This claim is meritless, however, as the above discussion illustrates. Because Yowell failed to allege a violation of a constitutional or statutory right, the officials were entitled to summary judgment before discovery commenced. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow, 457 U.S. at 818.

## III. CONCLUSION

Finding no error in the district court's grant of summary judgment in favor of the Department officials, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-