No. 96-1127

Susan Bahner, Individually and       *
as the Administratrix of the         *
Estate of Edward Bahner,             *
Deceased; Kurt Bahner; Kurt          *
Joshua Bahner; Nequila Rae           *
Bahner,                              *
                                     *   Appeal from the United States
          Appellants,                *   District Court for the
                                     *   Western District of Arkansas.
      v.                             *
                                     *       [UNPUBLISHED]
James Roy Carmack; J.R.              *
Mitchell; Neal Thomas; Shannon  *
Stovall; Roger Dye; Montgomery  *
County, Arkansas,                    *
                                     *
          Appellees.                 *


          Submitted:  February 7, 1997

              Filed:  March 6, 1997

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

PER CURIAM.

     This 42 U.S.C. § 1983 action arises from Edward Bahner's death by suicide while incarcerated at the Montgomery County Jail.  The undisputed facts, viewed in the light most favorable to the appellants, are as follows.  Bahner was arrested for theft and murder and transported to the Montgomery County Jail in October 1992.  Based on a tip from a drug abuse counselor that Bahner might be suicidal, Bahner was placed on suicide watch for the first week following his arrest.  In March 1993, Bahner was temporarily moved to the Polk County Jail and in July 1993, Bahner was transferred to the Arkansas County Hospital, where he underwent psychiatric and

psychological evaluations between July 7 and August 2. The psychologist's report states that the examining psychiatrist reported Bahner showed no indication of psychotic thought or behavior, and denied suicidal or homicidal ideation; he diagnosed Bahner with alcohol abuse and antisocial personality disorder.

During Bahner's absence from the Montgomery County Jail, his diary was discovered and read by defendants Sheriff James R. Carmack and Deputy Shannon Stovall. The diary--which contained entries from November 8, 1992, through March 7, 1993--included frequent references to suicide, including a November 1992 entry referring to an attempted suicide by hanging with a strip of towel; Bahner wrote that taking his life was better than twenty, or even ten years in jail; he wrote he was unable to get the strip of towel tight enough, but would "keep on trying." A December 1992 entry indicated Bahner planned to take his life that night by strangulation.

Bahner was returned to the jail August 3, 1993. In December 1993, Bahner wrote his mother that he had tried to kill himself. Bahner pleaded guilty to murder and theft and was sentenced to a total of sixty years imprisonment.

Bahner's parents visited with him on January 23, 1994, the day before Bahner was scheduled for transport to the Arkansas Department of Correction to serve his sentence. They stated at deposition that although they were worried about him, neither thought he was suicidal that day. Defendants and witnesses testified Bahner was upbeat and exhibited no change in his demeanor that day.

Defendant Deputy Roger Dye was the only deputy on duty after 11:00 p.m. on January 23. Dye was given no special instructions

regarding monitoring Bahner; jail policy required Dye to personally

check each inmate's cell hourly.  Dye checked the inmates at 12:00

a.m., but failed to make the next two hourly checks, as he became busy with other duties at 1:00 a.m.  Surveillance monitors were focused on each cell and broadcast to the communication center where Dye was stationed.  At some point between 12:00 a.m. and 2:26 a.m., Bahner hung himself with a braided towel.  In response to calls by Bahner's cellmate, Dye went to the cell; he did not enter because jail policy forbade officers from entering prisoner's cells unless a second officer was present.  Dye asked Bahner's cellmates to help cut Bahner down and perform CPR, before he called a fellow deputy and an ambulance.  When the second deputy arrived, within approximately seven minutes, both deputies entered the cell and performed CPR.  Bahner was pronounced dead at St. Joseph's Hospital in Hot Springs, Arkansas, at 3:36 a.m.

Bahner's relatives filed this section 1983 action against Carmack; Deputies Neal Thomas, Stovall, and Dye; and Montgomery County, Arkansas, alleging violation of Bahner's Eighth Amendment protections.  Specifically, plaintiffs alleged that Carmack and his deputies knew or should have known Bahner was suicidal and demonstrated deliberate indifference by allowing Bahner to have a towel in his cell, and failing to conduct required cell checks.  Plaintiffs also alleged Carmack failed to train officers as to monitoring of inmates, and both Carmack and the County failed to promulgate policies for prevention of inmate suicides.

The defendants moved for, and the district court[1] granted summary judgment.  This court reviews de novo the grant of summary judgment, giving the nonmoving party the benefit of every inference drawn from the evidence, and finding summary judgment is proper

---

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

where there is no genuine issue of material fact and judgment appropriate as a matter of law.  See <u>Yowell v. Combs</u>, 89 F.3d 542,

544 (8th Cir. 1996).

We conclude summary judgment was proper, as the plaintiffs did not produce sufficient evidence that any defendant was deliberately indifferent to "a strong likelihood, rather than a mere possibility, that self-infliction of harm would occur." Bell v. Stigers, 937 F.2d 1340, 1343 (8th Cir. 1991) (internal quotes omitted); see Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (official is not deliberately indifferent unless he knows of and disregards excessive risk to inmate health and safety; knowledge requires that official both knew facts from which inference of excessive risk could be drawn and drew inference). Although Carmack and Stovall both read parts of Bahner's diary indicating he was contemplating suicide, the last diary entry was in March 1993, and there is no evidence defendants knew Bahner continued to contemplate suicide; the psychologist's report stated Bahner denied suicidal ideations, and by all accounts--including that of Bahner's parents--Bahner did not display any outward manifestations of being suicidal. Additionally, allowing Bahner to possess a towel is, at most, negligence. See Bell, 937 F.2d at 1343-45 (negligence in failing to recognize suicidal tendencies not an Eighth Amendment violation; no deliberate indifference in failing to detect or remove belt where defendant not aware inmate suicidal, omission may be characterized as negligence, but not deliberate indifference).

We further conclude plaintiffs failed to demonstrate Dye acted with deliberate indifference. There was no evidence that he was aware of the diary, and his conduct--in failing to perform his hourly check and video surveillance, and failing to enter the cell and perform CPR until another officer was present--amounts to no more than negligence. See Rellergert v. Cape Girardeau County, 924 F.2d 794, 797-98 (8th Cir. 1991) (no deliberate indifference where defendant let decedent out of his sight with a bed sheet, while on

suicide watch; evidence tends to show defendant had more responsibilities than he could successfully discharge in emergency

situation; could reasonably conclude defendant acted imprudently, wrongly, or negligently, but not with deliberate indifference); see also Gordon v. Kidd, 971 F.2d 1087, 1095 (4th Cir. 1992) (no more than negligence where jailer--who was not aware of suicide threat-- tardy in checking cell).

Finally, the district court correctly determined that the plaintiffs failed to allege or demonstrate how the lack of any written suicide policy by Carmack or the County contributed to Bahner's death.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.