# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1333

_____

| | | |
|---|---|---|
| Robert H. Reehten, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Buck, Social Worker; Terry | * | Eastern District of Missouri. |
| Rapp, Deputy Superintendent; | * | |
| Kenneth Menier, Superintendent, | * | (UNPUBLISHED) |
| | * | |
| Appellees. | * | |

_____

Submitted: August 6, 1998
Filed: October 23, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

PER CURIAM.

Robert H. Reehten appeals from the district court's dismissal of his 42 U.S.C. § 1983 suit. In an amended complaint, Mr. Reehten alleged that his civil rights were violated while he was housed as a pretrial detainee at the St. Louis County Adult Correctional Institution in Chesterfield, Missouri (ACI-Gumbo). Mr. Reehten named three ACI-Gumbo employees as defendants, but did not specify that he was suing them in their individual capacities. The district court dismissed the action, concluding that because Mr. Reehten did not specify whether defendants were sued in their individual

capacities, his suit was assumed to be against defendants in their official capacities only, and was barred by the Eleventh Amendment.

We agree that an action is against defendants only in their official capacities absent a clear statement that defendants are sued in their individual capacities. See Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Therefore, Mr. Reehten's official-capacity action against the three defendants amounts to an action against their municipal employer, St. Louis County. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (official-capacity suits represent another way of pleading action against entity of which officer is agent); Liebe v. Norton, No. 98-1163, slip op. at 10, 1998 WL 671893, at *4 (8th Cir. Oct. 1, 1998) (action against county sheriff in his official capacity is treated as suit against county).

We agree with Mr. Reehten, however, that the district court erred in concluding that Mr. Reehten's suit was barred by the Eleventh Amendment, which prohibits damage actions against a state. See Hopkins v. Saunders, 93 F.3d 522, 526 (8th Cir. 1996) (Eleventh Amendment prohibits citizens from suing state for money damages in federal court); Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985) (noting in § 1983 action, "'[i]t is settled that a suit against a county . . . is not regarded as a suit against a state within the meaning of the Eleventh Amendment'" (citation omitted)).

Nevertheless, after a thorough review of the record, we believe that dismissal was appropriate. See Yowell v. Combs, 89 F.3d 542, 544 n.4 (8th Cir. 1996) (this court may affirm on any grounds supported by record). Mr. Reehten's complaint fails to state a claim for relief against St. Louis County, because he did not allege that his constitutional injuries resulted from any policy of St. Louis County. See McGautha v. Jackson County, Mo., Collections Dep't, 36 F.3d 53, 55-56 (8th Cir. 1994) (municipal liability arises from action pursuant to official municipal policy; explaining potential sources of municipal policy), cert. denied, 515 U.S. 1133 (1995).

Accordingly, we affirm the dismissal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.