# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3787

_____

| | | |
|---|---|---|
| James M. Hayes, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Faulkner County, Arkansas; | * | District of Arkansas. |
| Marty Montgomery, Sheriff | * | |
| of Faulkner County, Arkansas, | * | |
| in his individual and official capacities; | * | |
| Kyle Kelley, Jail Administrator, | * | |
| in his individual and official capacities, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: September 17, 2004
Filed: October 29, 2004

_____

Before MURPHY, MCMILLIAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

James M. Hayes sued Faulkner County and its sheriff and jail administrator under 42 U.S.C. § 1983. The district court[1] ruled that his 38-day pre-appearance detention violated his right to due process, and entered judgment against Faulkner

_____

[1] The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

County and individually against jail administrator Kyle Kelley. Jurisdiction being proper under 28 U.S.C. § 1291, this Court now affirms.

In 1997, a police officer ticketed Hayes for not having automobile tags and vehicle insurance. Hayes failed to appear at his municipal court hearing; bench warrants issued. Stopped for a traffic violation on April 3, 1998, Hayes was arrested on the warrants, given a court date of May 11, and jailed at the Faulkner County Detention Center. He did not post the $593 cash-only bond. He remained in jail at the Center until appearing before the court on May 11.

While in jail, Hayes sent four grievances to Kelley, who had primary responsibility to oversee the Center. The first three were on April 16 (requesting a money order), April 18 (requesting medication), and April 19 (requesting medication). On April 26, Hayes hand-wrote a grievance stating,

> I've been here for 23 days and have not been to court. According Prompt First Appearance Rule 8.1 I should seen a judge within 72 hrs. I have yet to be told when I will go to court. I also know that the arresting told booking to hold me back. I want to know when you plan to obay the law and allow me to go to court?

Kelley's written response: "I don't set people up for court. I hope you go to court & are able to get out. Write the booking officer to find out about your court date."

Kelley testified he would have followed the same course of conduct if Hayes had been jailed for 99 days. He said he wanted to obey the court and was not trying to be disobedient as a jailer or law enforcement officer. During the detention, the court met on April 13 and April 29. Though an April 29 appearance date was entered on Hayes's booking card, he did not have the opportunity to appear before a judge until May 11.

The issue is a pretrial detainee's right to a prompt appearance in court, after arrest by warrant. The Due Process Clause of the Fourteenth Amendment controls. *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 905 (8th Cir. 1999), *cert. denied*, 528 U.S. 1157 (2000). This Court reviews de novo questions of law arising under the Constitution. *Estate of Davis v. Delo*, 115 F.3d 1388, 1394 (8th Cir. 1997).

The Seventh Circuit decided similar cases in *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985) and *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir. 1998). In *Coleman*, an 18-day detention after arrest by warrant, but before initial appearance, violated Coleman's substantive due process rights. 754 F.2d at 723-24; *cf. Davis v. Hall*, 375 F.3d 703, 713-14 (8th Cir. 2004). Citing the Fifth, Sixth, and Eighth amendments, the Seventh Circuit stated, "Almost every element of a 'first appearance' under state statutes or the Federal Rules of Criminal Procedure serves to enforce or give meaning to important individual rights that are either expressly granted in the Constitution or are set forth in Supreme Court precedent." *Coleman*, 754 F.2d at 724. An extended pretrial detention without an initial appearance "substantially impinges upon and threatens" all of those specific rights. *Id.* Thus, the "ultimate effect" of Coleman's 18-day detention was a denial of substantive due process. *Id.*

The Seventh Circuit followed *Coleman* in the *Armstrong* case, where a 57-day detention on a (civil) body-attachment warrant without an initial appearance violated substantive due process. The court looked to the totality of circumstances. *Armstrong*, 152 F.3d at 570, *citing County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998). It considered three questions: (1) whether the Due Process Clause prohibits an extended detention, without an initial appearance, following arrest by a valid warrant; (2) whether the defendants' conduct offended the standards of substantive due process; and (3) whether the totality of circumstances shocks the conscience. *Armstrong*, 152 F.3d at 570. By that analysis, the 38-day detention here violates substantive due process.

First, the Due Process Clause forbids an extended detention, without a first appearance, following arrest by warrant. The Seventh Circuit so held in *Coleman* and *Armstrong*, following two Fourth Amendment cases, **Gerstein v. Pugh**, 420 U.S. 103 (1975) and **Baker v. McCollan**, 443 U.S. 137 (1979). In *Gerstein*, invalidating an extended warrantless detention, the Supreme Court wrote, "The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships." 420 U.S. at 114. In *Baker*, the Supreme Court reiterated its concern with "extended restraint of liberty following arrest" in the context of a mistaken arrest under a valid warrant after a judge found probable cause. *See* **Coleman**, 754 F.2d at 723, *quoting* **Gerstein**, 420 U.S. at 114. The *Baker* Court wrote, "Obviously, one in respondent's position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment." **Baker**, 443 U.S. at 144.

Second, this Court considers whether the defendants' conduct offends the standards of substantive due process. Deliberate indifference to prisoner welfare may sufficiently shock the conscience to amount to a substantive due process violation. **County of Sacramento**, 523 U.S. at 853. "[L]iability for deliberate indifference to inmate welfare rests upon the luxury enjoyed by prison officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations." **Id.** at 853. This Court considers the County's official policy separately from Kelley's individual conduct.

As for the County, this Court examines the policy the district court found deliberately indifferent. "A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an 'action pursuant to official municipal policy'. . . ." **Ware v. Jackson County**, 150 F.3d 873, 880 (8th Cir. 1999), *quoting* **Monell v. Dep't of Soc. Servs.**, 436 U.S. 658, 691 (1978). A

-4-

"policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986). According to Kelley and the sheriff, the County adopted a policy requiring that arrestees be taken before a court within 72 hours after arrest. Also as policy, when a person is arrested, the sheriff's office notifies the court by sending a jail roster to every court in the County. The sheriff's office then relies on the court to schedule hearings, call the Center, and identify which detainees the court will pick up for hearings. Hayes was subject to the same policy as other detainees at the Center.

The County's policy was to submit the names of confinees to the court and then wait for the court to schedule a hearing. That policy attempts to delegate the responsibility of taking arrestees promptly before a court. In *Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992), a policy was deliberately indifferent where the jail had no internal procedures to track whether inmates had been arraigned. *Id.* at 1478. "A policy that ignores whether the jail has the authority for long-term confinement seems to be a policy of deliberate indifference." *Armstrong*, 152 F.3d at 578-79. Because the County's policy here attempts to delegate the responsibility of bringing detainees to court for a first appearance and ignores the jail's authority for long-term confinement, the policy is deliberately indifferent to detainees' due process rights.

Next, the Court considers whether Kelley's individual acts violate the standards of due process. Kelley helped promulgate and enforce the deliberately indifferent policy. Receiving Hayes's specific appearance grievance, Kelley made a conscious decision to do nothing. Kelley testified that he would have followed the same course of conduct even if Hayes were held for 99 days. While Hayes sat in the Center for 38 days, Kelley consciously disregarded the violation of his constitutional rights. *See Armstrong*, 152 F.3d at 577. That conscious disregard is deliberate indifference violating the standards of due process.

The third and final step in this substantive due process analysis is determining whether, in the totality of circumstances, the defendants' conduct in depriving Hayes of a constitutional right shocks the conscience. *Id.* at 581. *See County of Sacramento*, 523 U.S. at 846-47. This is a question of law. *Armstrong*, 152 F.3d at 581.

In the totality of circumstances in this case, the key is Arkansas Rule of Criminal Procedure 8.1, entitled "Prompt first appearance." The Rule requires: "An arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." **Ark. R. Crim. P. 8.1**. Rule 8.1 is mandatory. *Bolden v. State*, 561 S.W.2d 281, 284 (Ark. 1978). Detentions of less than 38 days violate Rule 8.1. *Duncan v. State*, 726 S.W.2d 653, 656 (Ark. 1987) (3½ days); *Cook v. State*, 623 S.W.2d 820, 821 (Ark. 1981) (31 days); *cf. Richardson v. State*, 671 S.W.2d 164 (Ark. 1984) (56 days). Rule 8.1 is designed to protect "basic and fundamental rights which our state and *federal constitutions* secure to every arrestee." *Bolden*, 561 S.W.2d at 284 (emphasis added). The County's and Kelley's failure to take Hayes before a judge for 38 days shocks the conscience. *See Coleman*, 754 F.2d at 724.

To hold Kelley liable as an individual under 42 U.S.C. § 1983, Hayes must prove: (1) the official's conduct deprived him of constitutional rights, and (2) the official's actions were taken under color of law. *See Jennings v. Davis*, 476 F.2d 1271, 1275 (8th Cir. 1973). As discussed, Kelley's conduct deprived Hayes of substantive due process. And as jail administrator, Kelley was acting under color of law. Thus, unless shielded by qualified immunity, Kelley is individually liable under § 1983.

"Qualified immunity shields government officials from suit unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." *Yowell v. Combs*, 89 F.3d 542, 544 (8th Cir.

-6-

1996), *citing **Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). To be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." ***Johnson-El v. Schoemehl***, 878 F.2d 1043, 1048 (8th Cir. 1989), *quoting **Anderson v. Creighton***, 483 U.S. 635, 640 (1987). In other words, a constitutional right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." ***Saucier v. Katz***, 533 U.S. 194, 202 (2001).

Rule 8.1 of the Arkansas Rules of Criminal Procedure requires a jailer to ensure that a pretrial detainee appears before a judge "without unnecessary delay." A reasonable officer knows that detentions of less than 38 days violate Rule 8.1. *See, e.g.*, ***Cook***, 623 S.W.2d at 821. A reasonable officer knows that Rule 8.1 protects "basic and fundamental rights which our state and *federal constitutions* secure to every arrestee." *See **Bolden***, 561 S.W.2d at 284 (emphasis added). A law enforcement officer cannot reasonably believe that holding a person in jail for 38 days without bringing him before a judicial officer for an initial appearance is constitutional. Kelley is not entitled to qualified immunity.

Kelley argues this lawsuit is time-barred because Hayes did not amend the complaint to include him until the statute of limitations expired. But, the amended complaint relates back to the date of the original complaint under ***Schiavone v. Fortune***, 477 U.S. 21 (1986) and Federal Rule of Civil Procedure 15. The allegations against Kelley arose from the same conduct described in the original complaint. Kelley is not prejudiced in maintaining his defense because after the complaint was filed, Kelley gave Hayes's file to the County lawyer. He had notice of Hayes's lawsuit within the limitations period. He should have known that, but for a legal mistake, he would have been named in the original complaint. *See **Schiavone***, 477 U.S. 21, 29; ***Donald v. Cook County Sheriff's Dep't***, 95 F.3d 548, 557, 560 (7th Cir. 1996). The suit is not time-barred.

Under § 1983, a prevailing party may receive compensatory damages. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986). Here, the district court awarded $49,000 against Faulkner County and $1,000 against Kelley. This award is not clearly erroneous. *See Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038 (2000).

The district court may allow attorney's fees to the prevailing party in a § 1983 action. **42 U.S.C. § 1988**. Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion. *Harmon*, 197 F.3d at 328-29. The fee award here of $46,929.50 is not an abuse of discretion.

The judgment of the district court is affirmed.[2]

_____

_____

[2]Hayes's motion to supplement the record is denied as moot.