## Truman BOLDEN and Dozier BOLDEN
### *v.* STATE of Arkansas

CR 77-89                                    561 S.W. 2d 281

Opinion delivered January 30, 1978
(Division I)
[Rehearing denied March 6, 1978.]

*E. Alvin Schay* and *Leon Marks,* for appellants.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. The issue to be resolved is whether the trial court committed prejudicial errors in the course of appellants' trial, and if so, if these errors are of such magnitude as to vitiate appellants' convictions and, accordingly, as asserted by appellants, reduced their trial to a mere formality.

## THE FACTS

On May 14, 1976, appellant, Truman Bolden, was arrested after an alleged altercation with Officer Jimmy Carter of the Forrest City Police Department. Later that day, a warrant was issued for the arrest of appellant, Dozier Bolden, for his alleged participation in the altercation.

On June 23, 1976, the Prosecuting Attorney for the First Judicial Circuit, of which St. Francis County is a part, filed

informations charging appellant, Truman Bolden, with first degree battery and charging Dozier Bolden as an accomplice.

Appellants were formally arraigned in the Circuit Court of St. Francis County on July 26, 1976, where pleas of not guilty to the charges were entered.

On October 11, 1976, appellants filed their motion to suppress the informations alleging that appellants had not been afforded a preliminary hearing to the end that it be determined if probable cause existed and that such failure dictated a dismissal of the informations.

On October 22, 1976, a pretrial conference was conducted by the Honorable O. H. Hargraves. During the pretrial conference, an exchange between Judge Hargraves and counsel for appellants culminated in counsel orally moving "that Judge Olman Hargraves be removed from the case because of bias." Judge Hargraves replied, "I will be glad to excuse myself from it."

Judge Hargraves, however, proceeded with the selection and instruction of a new jury commission for the selection of special jurors for the trial of this cause only in accordance with Ark. Stat. § 39-214.1 which was necessitated because of Judge Hargraves having previously sustained appellants' motion to quash the current jury commission and the petit jury panel; the judge also reaffirmed that the trial of the case would be held, as scheduled, on October 26, 1976, with Judge John Anderson presiding; the judge also conducted a hearing on appellants' motion to suppress the informations and, at the close of the hearing, denied the motion to suppress.

The Honorable John L. Anderson presided at appellants' trial which commenced on October 26, 1976, and ended October 29, 1976. The jury found appellant, Truman Bolden, guilty of battery in the first degree, as charged, and fixed his punishment at twenty years in the Department of Correction and imposed a fine in the sum of $1,000.00. Appellant, Dozier Bolden, was found guilty of battery in the second degree and his punishment was fixed at three years in the Department of Correction and a fine of $1,000.00 was assessed.

## APPELLANTS' CONTENTIONS FOR REVERSAL

1. It was prejudicial error to deny the appellants a preliminary hearing.

2. It was prejudicial error for Circuit Judge O. H. Hargraves to exercise discretionary powers after he had excused himself from appellants' case.

3. It was error for the trial court to refuse to direct a verdict.

4. It was prejudicial error to submit a verdict form under which it cannot be said the jury acted according to law.

## THE DECISION

### I.

We are persuaded that appellants' contentions two and four have merit, and, accordingly, the verdicts and judgment are reversed.

The record reflects that Circuit Judge Hargraves, in response to appellants' motion, voluntarily disqualified himself from participating in this case at the inception of the pretrial conference held on October 22, 1976. Having announced from the bench and for the record his disqualification, Judge Hargraves lost jurisdiction of the case and was without authority to act further in any judicial capacity, except to make the proper transfer of the case or take the appropriate steps for the selection of another judge. However, this record reflects that the transfer of the case was not made until after Judge Hargraves had selected a new jury commission, instructed the new jury commission on its duties and responsibilities and ruled on the validity of appellants' motion challenging the charges pending against them on the grounds that no preliminary hearing had been afforded appellants.

The judge's voluntary disqualification may have, in the judgment of appellants and their counsel, amounted to an ad-

mission of his bias and prejudice, and for the judge to proceed with issues, raised by defendants, involving the exercise of discretion, may have further supported their doubt or suspicion of the impartiality of his rulings. Indeed, the proper administration of the law requires not only that judges refrain from actual bias, but also that they avoid all appearances of unfairness.

Judge Hargraves, however, is to be commended for his voluntary action, whether he actually sheltered any bias or not, in order to dispel any thought or suspicion that the litigants may not be receiving an impartial trial.

In 48 C.J.S., Section 97, at page 1105, it is provided:

"The disqualification of a judge generally deprives him of authority to perform any judicial act or to perform any act calling for an exercise of judicial discretion in connection with the pending cause, except to select another judge or to make a transfer of the case in accordance with the law."

## II.

The applicable statutory provision in providing for the punishment upon a verdict of guilty for the charges pending against the appellants provides: A defendant convicted of a felony *may* be sentenced to pay a fine in the sum not exceeding $15,000.00 if the conviction is of a class A or B felony (Ark. Stat. 41-1101); a defendant convicted of a felony *may* be sentenced to a term of imprisonment for not less than five years nor more than fifty years, or life, if the conviction is of a class A felony; and not less than three years nor more than twenty years, if the conviction is of a class B felony (Ark. Stat. 41-901). (Emphasis supplied)

The verdict forms used in the instant case, in relevant part, are as follows:

"We, the jury, find the Defendant, Truman Bolden, . . . guilty of . . . and fix his punishment at im-

prisonment in the Arkansas Department of Correction for a period of _____ years and a fine of $_____."[1]

In *Brown* v. *State,* 261 Ark. 683 (May 23, 1977), we reversed and remanded a conviction in which the verdict form submitted to the jury provided:

" . . . fix his punishment at _____ years in the Arkansas Penitentiary and/o̶r̶ a fine of $_____."

The Court said the verdict form in *Brown* indicated that the assessment of the fine was mandatory and consequently, the trial court erred.

We conclude that reversible error was committed inasmuch as the verdict forms submitted indicated that the assessment of penalties was mandatory in case of a verdict of guilty, while under the statutes, the enforcement of penalties is optional with the jury.

### III.

The appellants have argued strenuously that under Arkansas Rules of Criminal Procedure, which became effective January 1, 1976, Rule 8.1 is mandatory in scope. Rule 8.1 provides:

"An arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay."

In *Gerstein* v. *Pugh,* 420 U.S. 103 (1975), the United States Supreme Court stated:

". . . we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extend restraint of liberty following arrest."

In light of *Gerstein* v. *Pugh,* supra, we are persuaded that an arrested person who is not released by citation or by other

---

[1] The same verdict form was used for appellant-defendant, Dozier Bolden.

lawful manner shall be taken before a judicial officer without unnecessary delay to the end that a judicial determination of probable cause may be made as a prerequisite to extended restraint of the arrestee's liberty following arrest.

Rule 8.1 is designed and has as its purpose to afford an arrestee protection against unfounded invasion of liberty and privacy. Moreover, the person under arrest taken before a judicial officer without unnecessary delay will have the charged explained, will be advised of his constitutional rights, and will have counsel appointed for him if an indigent, and arrangements for bail can be made expeditiously.[2] Such action may avoid the loss of the suspect's job and eliminate the prospect of the loss of income and the disruption and impairment of his family relationship. Indeed, these are basic and fundamental rights which our state and federal constitutions secure to every arrestee. Hence, we conclude that Rule 8.1 is mandatory in its scope. To hold this rule as directory only would, indeed, undercut these treasured rights. However, we disagree with appellant's contention that a failure to comply with Rule 8.1 dictates a dismissal of the charges. *See: Gerstein* v. *Pugh,* supra, where the United States Supreme Court stated:

> ". . . we adhere to the Court's prior holding that a judicial hearing is not prerequisite to prosecution by information . . . nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction . . . "

We conclude that this case should be reversed and remanded to the trial court in view of the error committed by the trial judge's predecessor performing discretionary powers after disqualifying himself in the case and in view of the improper verdict form submitted to the jury.

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.

---

[2]Appellants were not afforded a hearing for the determination of probable cause. Moreover, appellant, Truman Bolden, although a family man and local resident of St. Francis County, and no prior criminal record, was held in jail for six days before making bail.