Raymond Randy GREEN *v.* STATE of Arkansas

CA CR 86-197                                    729 S.W.2d 17

Court of Appeals of Arkansas
En Banc
Opinion delivered May 13, 1987
[Rehearing denied June 10, 1987.]

*Donald A. Forrest*, Deputy Crittenden County Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Two cases are consolidated under one number in this appeal. In one case, the appellant was convicted in a jury trial on August 4, 1986, of breaking or entering and theft of property. He was also charged as a habitual criminal, and after the jury returned a verdict of guilty, the jury was instructed with regard to the habitual criminal charge; evidence of prior convictions was introduced; and after further deliberation, the jury returned a verdict fixing punishment at eight years for breaking or entering and 30 days for theft of property.

The other case involves one of the prior felony convictions introduced in evidence. This is a judgment dated July 1, 1981, which states that appellant entered a plea of guilty to "aggravated robbery with firearm," and that "imposition of sentence is suspended for ten years," subject to certain conditions set out in the judgment. At the beginning of the trial on August 4, 1986, the judge stated he noticed that a revocation petition had been filed asking that the suspended imposition of sentence entered in July of 1981 be revoked because the conditions of that suspended sentence had been violated. The judge suggested that he consider the revocation petition upon the same evidence presented in the breaking or entering and theft of property case and, after that case was completed, that he then make a decision on the revocation petition.

No objection was made to proceeding as the court suggested,

and after the jury had returned a verdict of guilty in the breaking or entering and theft of property case, the court revoked the suspended imposition of sentence entered in 1981 and sentenced the appellant to ten years in that case and ordered that it run consecutive to any sentence fixed by the jury in the breaking or entering and theft of property case.

On appeal, the appellant makes two arguments. First, he contends that the trial judge should have recused because (1) he was the prosecuting attorney when the 1981 aggravated robbery with firearm charge was filed, (2) he negotiated a plea with the appellant's attorney in that case, and (3) he represented the state when that matter was presented to the court. Second, the appellant says that he was denied due process of law because the same judge, who had previously prosecuted him on the aggravated robbery conviction, determined that his statements to the police, when he was arrested for breaking or entering and theft of property, were voluntary and admissible for use by the jury to convict appellant; and that the judge himself used the statements and the conviction to revoke appellant's suspended sentence.

We first consider the question of whether we should reverse the conviction for breaking or entering and theft of property. Appellant's argument on that issue is based upon the proposition that the only evidence linking him to the breaking or entering consisted of his own statements which the trial judge should have suppressed.

In our opinion, even without appellant's statements, there was ample evidence to support his conviction for breaking or entering and theft of property. The manager of a convenience store in West Memphis testified that on the morning involved he got to the store about 5:30, and upon going outside the building on the west side, he saw a man putting a Weed Eater down on the ground behind a building across the street. The manager identified the Weed Eater, which was produced in court, and testified that it was kept in a storage building at the rear of the store. He said he knew it was in the storage building at 6:30 the night before, and that the next morning after he saw the man with it, he called the police and gave them a description of the man. An officer testified that he arrested appellant in the vicinity of the store and that appellant matched the description, given by the

radio dispatcher, of a man running from the location of the store.

In addition to the above testimony, the officer who first stopped the appellant testified that appellant asked what he had done and was told that someone matching his description had just taken something from the convenience store. The officer testified that appellant immediately said that the door was open, that he took the Weed Eater, and that he was going to sell it and buy some dope. The trial judge held that this was a voluntary and spontaneous statement, that it was not made in response to questioning, and that it should not be suppressed.

Appellant argues, however, that because the judge had been the prosecuting attorney when appellant was convicted in 1981, the appellant was denied due process of law. We do not understand that it is claimed that the judge was actually biased or prejudiced against appellant. Indeed, appellant's brief states that apparently neither the judge nor anyone else even remembered that he was the prosecuting attorney in 1981. In fact, the only evidence in that respect was his signature on the guilty plea and sentence recommendation filed in the 1981 case. The appellant's brief specifically states that "nobody could be expected to remember every case he handled" but that this case should be reversed because of the "potential bias" that is present. This is the "suggested" violation of due process involved in this case.

Appellant relies upon *Dyas* v. *Lockhart*, 705 F.2d 993 (8th Cir. 1983) and *Dyas* v. *Lockhart*, 771 F.2d 1144 (8th Cir. 1985). The first opinion remanded the district court's denial of writ of habeas corpus for that court to make a determination of whether the petitioner had personally waived a state judge's disqualification, resulting from his relationship to the prosecuting attorney and his deputies, and if the disqualification was not waived, the district court was to provide the petitioner a hearing in which he would have the opportunity to prove that the state judge was actually biased. Upon remand, the district court found that petitioner did not knowingly waive his objection to the judge's disqualification, although he knew of the judge's relationship to the prosecuting attorneys, but the court found no actual prejudice or bias against the petitioner. In the second opinion, the United States Court of Appeals again remanded the case to the district court. This time the district court was directed to consider certain

specified actions of the state trial judge along with any other instances of prejudice in the record suggested by the petitioner.

We do not believe the above cases mean that we should reverse the instant case. The actions of the state trial judge that the court in *Dyas* specified should be reviewed for actual bias or prejudice are not even present in the instant case. Applicable here is the case of *Jordon* v. *State*, 274 Ark. 572, 626 S.W.2d 947 (1982), where the Arkansas Supreme Court held that the trial judge was not disqualified because he had actively prosecuted the appellant in three of the four prior felony convictions relied on for the enhancement of punishment. *Jordon* also pointed out that the Arkansas Constitution, article 7, section 20, providing that a judge shall not preside in a case in which he has been of counsel, relates to the case being tried. The judge in the instant case was never "of counsel" in the breaking or entering and theft case now under discussion. Also Canon 3C(b) of the Code of Judicial Conduct, see 35 Ark. L. Rev. 247, 256 (1981), was not violated in this case since the judge here had never "served as lawyer in the matter in controversy." (The "controversy" is the breaking or entering and theft of property case now under discussion.) The verdict of guilty was returned by the jury and the sentence was fixed by that verdict. We find no actual or potential bias in the case under discussion that could offend due process.

The revocation, however, presents a different situation. That matter was decided by the trial judge, not by a jury. The judge revoked the suspended imposition of sentence judgment entered in July 1981 in the aggravated robbery with firearm case; he sentenced the appellant to ten years in the Arkansas Department of Correction upon the revocation of that suspended sentence; he was the prosecuting attorney who represented the State of Arkansas at the time the suspended imposition of sentence was entered in July of 1981; and he signed the plea and sentence recommendation filed in that case and agreed to by the defendant and his counsel.

Canon 3C(b) of the Code of Judicial Conduct provides that a judge should disqualify in a proceeding "in which his impartiality might reasonably be questioned, including but not limited to instances where he served as a lawyer in the matter in controversy. . . ." Clearly the revocation hearing falls within

this provision. In *Adams v. State*, 269 Ark. 548, 601 S.W.2d 881 (1980), the Supreme Court of Arkansas said of the provision pertaining to a judge's relationship to a lawyer in the case being tried:

> We hold that Canon 3C is applicable in criminal cases as well as civil cases, that it is applicable at the arraignment stage of a criminal proceeding, that it applies even though the prosecuting attorney and circuit judge each is a duly elected public official, that no request to disqualify and no objection for failure to disqualify is necessary to be made either by a trial attorney or by a party representing himself, that the trial judge must take the initiative to disqualify or, in the alternative, to comply with the procedure set out in Canon 3D, that this Court can, on its own initiative, examine the record to notice compliance or noncompliance, and that failure to comply is reversible error.

269 Ark. at 549-50.

Although we do not mean to impugn the integrity of the trial judge, we believe the law simply required a disqualification under the circumstances relating to the revocation case. We, therefore, affirm the judgment in the breaking or entering and theft of property case (Circuit Court No. CR-86-122) but reverse the judgment in the revocation case (Circuit Court No. CR-80-248B) and remand that matter to the trial court.

CORBIN, C.J., COOPER and CRACRAFT, JJ., concur.

JAMES R. COOPER, Judge, concurring. Although I am compelled to agree with the majority opinion that *Adams v. State* requires that we reverse this case, I think this case demonstrates that the rule in *Adams* needs to be modified.

First, the judge in the case at bar apparently did not remember that he had been the prosecuting attorney at the time the earlier plea agreement was approved by the then circuit judge; there is no evidence that the present prosecuting attorney was aware of that fact; and defense counsel stated that he was unaware of that fact. Second, no objection to the trial judge hearing the matter was ever brought to the attention of the court, and we do not usually reverse on trial errors which were not

presented to the trial court and which are raised for the first time on appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Third, we do not reverse for error unless the appellant can demonstrate prejudice, *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), and there is no demonstration of prejudice in the case at bar.

In *Adams*, the Supreme Court essentially said that the appearance of impropriety (by the failure to recuse) was sufficient to mandate reversal. There, as in the case at bar, the decision did not turn on demonstrated prejudice, and *Adams* leaves no room for this Court to consider whether prejudicial error occurred. *Berna* was decided in 1984, four years after *Adams*, and changed the rule concerning prejudicial error. Prior to *Berna*, the rule in Arkansas was that error was presumed to be prejudicial unless the appellate court could say with confidence that the error was not prejudicial. *Chapman* v. *State*, 257 Ark. 415, 516 S.W.2d 598 (1974); *McCauley* v. *State*, 257 Ark. 119, 514 S.W.2d 391 (1974).

Finally, the rulings in *Adams* and in the case at bar present an opportunity for defense counsel, knowing that the trial judge once acted as prosecuting attorney in a similar situation as to the one at bar, to fail to bring the matter to the trial court's attention, see what result is reached in the revocation (or other type proceeding), and then, if the result is unsatisfactory, perfect an appeal in what will, under *Adams*, require an automatic reversal. (I do not mean to imply that counsel in the case at bar knew the facts; I only point out a potential problem area and emphasize the reason our rules and case law require an objection, even on questions of constitutional import, before a matter will be considered on appeal.)

I concur, but I believe the Supreme Court's holding in *Adams* should be reexamined in light of *Berna*.

CORBIN, C.J., and CRACRAFT, J., join in this concurring opinion.