Clarence D. KELLY *v.* MISSISSIPPI COUNTY CIRCUIT COURT; Honorable David Burnett, Circuit Judge; Honorable Ralph Wilson, Circuit Judge; Honorable Barbara Halsey, Circuit Judge; Honorable Cindy Thyer, Circuit Judge

CR 08-1132                                          288 S.W.3d 243

Supreme Court of Arkansas
Opinion delivered October 2, 2008

*Ford, Glover & Roberts,* by: *Danny W. Glover,* and *Daggett, Donovan & Perry, PLLC,* by: *Joe Perry,* for petitioner.

*Dustin McDaniel,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for respondents.

PER CURIAM. Petitioner Clarence D. Kelly petitions this court to stay proceedings in Mississippi County Circuit Court; to issue a writ of certiorari quashing the recusal orders of Judge Ralph Wilson, Judge Barbara Halsey, and Judge Cindy Thyer; to issue writs of mandamus directing Judges Halsey and Thyer to reconsider their recusals; and to issue a writ of certiorari, or in the alternative, a writ of prohibition preventing Judge David Burnett from conducting the trial scheduled October 13, 2008. Petitioner asserts that it is a violation of the court's administrative plan for Judge Burnett to preside over this case.

Kelly is charged with capital murder in the Blytheville Division of Mississippi County Circuit Court, where Judges Wilson, Halsey, and Thyer ordinarily hear criminal cases. First, Judge Ralph Wilson recused on August 5, 2009. Thereafter, Judges Halsey and Thyer recused on August 13, 2008. Judge Wilson, the administrative judge, then appointed Judge Burnett to Kelly's case.

In a case cited by Petitioner, we have said that "the disqualification of a judge generally deprives him of the authority to perform any judicial act or to perform any act calling for an exercise of judicial discretion in connection with the pending cause, except to select another judge or to make a transfer of the case in accordance with the law." *Bolden v. State,* 262 Ark. 718, 561 S.W.2d 281 (1978). Administrative Order 14(2)(c)(2) provides that "cases may be reassigned by the administrative judge as necessity requires."

Under *Bolden*, neither Judge Halsey nor Judge Thyer may reconsider, as a recusal ends their jurisdiction. However, after his own recusal, Judge Wilson may perform, in his role as an administrative judge, the ministerial act of assigning another judge to the case.

■ Under Administrative Order 14(2)(c)(2), "a circuit judge to whom a case is assigned shall accept that case unless he or she is disqualified or the interests of justice require that the case not be heard by that judge." Kelly argues that the administrative plan has been violated, but points only to a proposed solution of requiring a judge who has recused to, in effect, set aside an order of recusal, which is in direct conflict with Administrative Order 14.

Petitioner does not argue that Judge Burnett is wholly without jurisdiction; and rightfully so, as Judge Burnett clearly does have jurisdiction. Therefore, as all of the judges who ordinarily preside over criminal cases have recused, there is no apparent reason why Judge Burnett should not proceed to trial.

Motion for stay denied.

Motion for writ of mandamus denied.

Motion for writ of certiorari denied.