RITA W. GRUBER, Chief Judge
Appellant Adam Shaffer appeals from an order of the Sebastian County Circuit Court revoking his suspended imposition of sentence (SIS) in three separate cases and sentencing him to a total of thirty years' imprisonment. On appeal, appellant contends that the circuit court was without jurisdiction to revoke his suspended sentences. We affirm in part and reverse and remand in part.
On June 16, 2005, appellant was charged in case No. CR2005-82 with residential burglary, class B felony, pursuant to Ark. Code Ann. § 5-39-201 (Repl. 2013). On the same day, appellant was charged in case No. CR2005-83 with two counts of breaking and entering in violation of Ark. Code Ann. § 5-39-202, class D felonies, and theft of property in violation of Ark. Code Ann. § 5-36-103, a class C felony.[1] Appellant entered a guilty plea to all charges and was sentenced to twenty-four months' imprisonment in each of the cases to run concurrently, with sixty months' SIS for residential burglary, forty-eight months' SIS for breaking or entering, and sixty months' SIS for theft of property. The judgment and commitment order was entered May 8, 2006.[2] A "Prosecutor's Report/Penitentiary Synopsis" signed by the deputy prosecuting attorney was filed on June 12, 2006, as well as an amended judgment and commitment order, reflecting that the departure report had not been attached to the judgment.
On April 8, 2007, appellant was charged in case No. CR2007-447 with possession of drug paraphernalia in violation of Ark. Code Ann. § 5-64-403, a class C felony. The State then filed a petition to revoke in CR2005-82 and CR2005-83 on April 10, 2007, alleging that appellant was in violation of the terms and conditions of his suspended sentence based on the new charge in CR2007-447.[3]
*524 On April 16, 2007, Judge Steven Tabor filed an order to recuse in CR2005-1233, CR2005-82, and CR2005-83, indicating that the causes were pending before the circuit court on the State's petition to revoke. The recusal order provided that Judge Tabor had "previously served as Prosecuting Attorney at the time the Defendant was prosecuted and received the sentence which the State now wishes to revoke." The order directed the circuit clerk to reassign this case. An affidavit of Nancy Brewer, Sebastian County circuit clerk, also filed April 16, 2007, indicates that the case was reassigned to Judge James O. Cox.
On September 7, 2007, appellant pleaded guilty to the charge of possession of drug paraphernalia in CR-2007-447 and entered the Sebastian County Drug Court Program. Judge Tabor sentenced appellant to a two-year SIS, conditioned upon compliance in the drug court. On the same day, the State filed a motion to withdraw the petition to revoke based on the transfer to drug court.[4]
The State filed another petition to revoke on September 8, 2009, in cases CR2005-82, CR2005-83, and CR2007-447, on the grounds that appellant had violated the terms and conditions of his suspended sentences. Specifically, the State alleged appellant failed several drug tests, failed to appear, and fled from the Regional Correctional Facility. On January 13, 2010, appellant entered a no-contest plea to the State's petition to revoke and was sentenced to twenty-four months' imprisonment for each case to be served concurrently, and ninety-six months' SIS for the residential-burglary conviction in CR2005-82, forty-eight months' SIS the breaking-or-entering conviction in CR2005-83, ninety-six months' SIS for the theft-of-property conviction in CR2005-83, and ninety-six months' SIS for the possession-of-drug-paraphernalia conviction in CR2007-447.
On February 7, 2018, the State filed a petition to revoke in CR2005-82, CR2005-83, and CR2007-447, alleging that appellant was released from the Arkansas Department of Correction on November 26, 2010, and thereafter committed the offense of battery in the second degree on January 24, 2018, in violation of the terms and conditions of his suspended sentences. A hearing on the petition to revoke took place on March 8, 2018. Judge Tabor found that appellant had committed the offense of second-degree battery and was in violation of the terms of his suspended sentences. Appellant's suspended sentences were revoked, and appellant was sentenced to 192 months' imprisonment for the residential-burglary charge in CR2005-82, seventy-two months' imprisonment for the theft-of-property charge in CR2005-83, and ninety-six months' imprisonment for possession-of-drug-paraphernalia charge in CR2007-447, with the sentences to run consecutively. The judgment and commitment order was entered March 14, 2018, and appellant filed a timely notice of appeal.
For his sole point on appeal, appellant argues that the circuit court was without jurisdiction or authority to revoke his suspended sentences in all three cases.
The Arkansas Constitution, article 7, § 20, as well as the Arkansas Code of Judicial Conduct, provides that judges must refrain from presiding over cases in which they might be interested and must avoid all appearances of bias. Irvin v. State , 345 Ark. 541, 549, 49 S.W.3d 635, 640 (2001). The decision to recuse is within the circuit court's discretion, and it will not be reversed absent abuse. Id. The case *525 before us does not deal with the issue of whether the circuit judge should have recused. Rather, the issue presented is whether Judge Tabor, having recused by his own order in 2007, thereafter had jurisdiction or authority to hear appellant's revocation cases in 2018.
Appellant contends that Judge Tabor, "by voluntarily recusing himself from Appellant's cases, lost jurisdiction and was without authority to act further in any judicial capacity rendering every judicial act since the recusal null and void." He cites Bolden v. State , 262 Ark. 718, 561 S.W.2d 281 (1978), in support of his argument.
In Bolden , appellants' counsel orally moved for Judge O.H. Hargraves's recusal during a pretrial conference. Judge Hargraves recused, but he proceeded with pretrial tasks, including jury selection and a hearing on appellants' motion to suppress, which he denied. Judge John L. Anderson presided over the trial which was held several days after the pretrial conference, where appellants were convicted by a jury. On appeal, appellants argued in part that it was prejudicial error for Judge Hargraves to exercise discretionary powers after he had recused himself from their case. The supreme court agreed, holding that after his disqualification was announced from the bench, Judge Hargraves "lost jurisdiction of the case and was without authority to act further in any judicial capacity, except to make the proper transfer of the case or take the appropriate steps for the selection of another judge."
Bolden , 262 Ark. at 721-22, 561 S.W.2d at 283.
In the later case of Kelly v. Mississippi County Circuit Court , 374 Ark. 396, 398, 288 S.W.3d 243, 244 (2008) (per curiam), the appellant petitioned the supreme court in part to stay proceedings in the Mississippi County Circuit Court and to issue a writ of certiorari quashing the recusal orders of three judges, to issue writs of mandamus directing two judges to reconsider their recusals, and to issue a writ of certiorari. The supreme court held that under Bolden , neither judge could reconsider because a recusal ended their jurisdiction.
Appellant contends that based on Bolden , Judge Tabor was without authority to act in appellant's cases after the recusal order of April 16, 2007. He further argues that even assuming Judge Tabor had jurisdiction to enter the orders prior to the 2018 revocation hearing, Judge Tabor was "certainly disqualified" from hearing appellant's revocation hearing, which would require that appellant's revocation be "reversed and remanded for a new revocation hearing."
The State responds that Judge Tabor did not lack subject matter jurisdiction to revoke. The State explains that subject matter jurisdiction is granted to a particular court, and not the person who fills it. See Simpson v. State , 310 Ark. 493, 499, 837 S.W.2d 475, 478 (1992). Subject matter jurisdiction may be raised for the first time on appeal, and the appellate court may raise it on its own. Id. Subject matter jurisdiction, however, is determined from the pleadings, and once a proper charge is filed in circuit court, that court may exercise jurisdiction over that subject matter. Id.
While recognizing that recusal limits the judge's authority to act further in connection with a pending cause under Bolden , the State argues that "logic dictates that a recusal in one 'cause' does not extend to another separate and distinct 'cause,' such as a subsequent revocation proceeding." The State contends that each revocation proceeding is a distinct and separate cause that the defendant has committed new conduct in violation of the terms and *526 conditions of a suspended sentence. However, the State has not cited any law for this assertion. The State's argument is that Judge Tabor's 2007 recusal in appellant's 2007 revocation proceeding, which was ultimately withdrawn, could not divest Judge Tabor of authority to preside in subsequent revocation cases. The State further argues that even assuming the 2007 recusal limited Judge Tabor's authority to act in subsequent revocations, this would in no way affect appellant's suspension with CR2007-447 because Judge Tabor never recused in that case; additionally, Judge Tabor had already been elected circuit judge when that prosecution was initiated.
The State acknowledges Green v. State , 21 Ark. App. 80, 84, 729 S.W.2d 17, 20 (1987), in which this court held that recusal was required when the judge who presided over Green's revocation proceeding had been the prosecutor who represented the State when Green's original suspended sentence was entered. In reversing and remanding the revocation, we explained:
Canon 3 C(b) of the Code of Judicial Conduct provides that a judge should disqualify in a proceeding "in which his impartiality might reasonably be questioned, including but not limited to instances where he served as a lawyer in the matter in controversy...." Clearly the revocation hearing falls within this provision. In Adams v. State , 269 Ark. 548, 601 S.W.2d 881 (1980), the Supreme Court of Arkansas said of the provision pertaining to a judge's relationship to a lawyer in the case being tried:
We hold that Canon 3C is applicable in criminal cases as well as civil cases, that it is applicable at the arraignment stage of a criminal proceeding, that it applies even though the prosecuting attorney and circuit judge each is a duly elected public official, that no request to disqualify and no objection for failure to disqualify is necessary to be made either by a trial attorney or by a party representing himself, that the trial judge must take the initiative to disqualify or, in the alternative, to comply with the procedure set out in Canon 3D, that this Court can, on its own initiative, examine the record to notice compliance or noncompliance, and that failure to comply is reversible error.
Green , 21 Ark. App. at 84-85, 729 S.W.2d at 20.[5] We held that the underlying criminal action and the subsequent revocation proceeding were the same "matter in controversy" for purposes of Canon 3C(1)(b).[6] Further, no contemporaneous objection was required under Adams v. State , 269 Ark. 548, 601 S.W.2d 881 (1980).
Based on the holdings in Bolden and Green , we hold that Judge Tabor was without authority to hear the revocations in the 2005 cases after his recusal. Because Judge Tabor did not recuse from CR2007-447 and there was no indication he was the prosecutor when that case originated, he had authority to hear the revocation. Accordingly, we affirm the revocation in CR2007-447 and reverse and remand the revocations in CR2005-82 and CR2005-83, for further proceedings consistent with this opinion.
*527 Affirmed in part; reversed and remanded in part.
Gladwin and Brown, JJ., agree.

At this time, Judge Stephen Tabor was the elected prosecuting attorney; however, both criminal informations were signed by a deputy prosecuting attorney. The document entitled "Prosecutor's Report/Penitentiary Synopsis" entered May 8, 2006, appears to have been signed by Stephen Tabor as prosecuting attorney.

The judgment and commitment order also included disposition in case CR2005-1233, which is not at issue in this appeal.

The State also sought to revoke in CR2005-1233.

The motion references only CR2005-82 and CR2005-1233 in the caption, not CR2005-83.

Former Canon 3 ("A Judge should diligently perform the duties of his office impartially and diligently.") is now Canon 2 ("Judge shall perform the duties of judicial office impartially, competently, and diligently."). Former Canon 3C provided the rules for disqualification, which is now found in Rule 2.11 of the Arkansas Code of Judicial Conduct.

The current rule on disqualification is found at Rule 2.11(A)(6)(a) & (b) of the Arkansas Code of Judicial Conduct.