Cite as 2019 Ark. App. 516

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–19–345

| | | |
|---|---|---|
| SIDNEY WARD | | **Opinion Delivered** November 6, 2019 |
| | APPELLANT | APPEAL FROM THE YELL COUNTY CIRCUIT COURT, SOUTHERN DISTRICT |
| V. | | [NO. 75SCR-16-4] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DAVID H. MCCORMICK, JUDGE |
| | | REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Sidney Ward appeals from the revocation of his suspended imposition of sentence (SIS). Ward raises two points on appeal: (1) Judge David McCormick lacked jurisdiction to preside over the revocation due to his prior recusal; and (2) the court abused its discretion in sentencing him to an unduly harsh sentence. We agree that Judge McCormick lacked jurisdiction, and we reverse and remand.

In January 2016, Ward was charged in the Yell County Circuit Court with six counts of Class B felony theft of property. In April 2016, orders of recusal were entered by Judges Jerry Don Ramey, Terry Sullivan, and David McCormick. Because all three of the circuit judges of the Fifteenth Judicial District had recused, the chief justice of the Arkansas Supreme Court entered an order assigning Judge Brad Karren of the Nineteenth Judicial District to hear the case. The order provided that "[t]his assignment includes all ancillary proceedings which may arise in connection with said cause, and proceedings subsequent

thereto shall be held at such time or times as shall be directed and ordered by Judge Karren."

Ward's charges were amended several times. In June 2018, Ward pleaded guilty before Judge Karren to one count of theft of property and one count of healthcare fraud. He was sentenced to 240 months' SIS and six months of house arrest.

In October 2018, the State filed a petition to revoke alleging that Ward had violated the conditions of his house arrest. Judge Ramey entered an order for the issuance of an arrest warrant and an order regarding pretrial release. On November 1, 2018, the chief justice of the Supreme Court entered an order terminating Judge Karren's assignment "[a]t Judge Karren's request and because a special judge is no longer needed." Ward subsequently filed a motion for Judge Ramey to recuse. After initially denying the motion, Judge Ramey granted Ward's motion for reconsideration and recused. The revocation was then set for a hearing before Judge McCormick, and Ward filed a motion to recuse Judge McCormick. Following arguments by counsel, Judge McCormick denied the motion to recuse and proceeded with the hearing on the petition to revoke. Judge McCormick revoked Ward's SIS and sentenced him to fifteen years' imprisonment and five years' SIS.

Ward argues that because Judge McCormick recused from Ward's criminal action in 2016, he lacked jurisdiction to preside over the revocation proceeding. Ward relies on *Shaffer v. State*, 2018 Ark. App. 581, 566 S.W.3d 522. In *Shaffer*, this court addressed whether a circuit court judge who had recused in cases pending before him on the State's petition to revoke thereafter had jurisdiction to hear a later petition to revoke filed in the same cases. We held that the judge was without authority to hear the revocations in those

2

cases after his recusal, and we reversed and remanded for further proceedings. The same result is mandated here.

The *Shaffer* court discussed three cases in reaching its conclusion. In *Bolden v. State*, 262 Ark. 718, 721, 561 S.W.2d 281, 283 (1978), the supreme court held that after announcing his recusal, the circuit court judge "lost jurisdiction of the case and was without authority to act further in any judicial capacity, except to make the proper transfer of the case or take the appropriate steps for the selection of another judge." In *Kelly v. Mississippi County Circuit Court*, 374 Ark. 396, 288 S.W.3d 243 (2008) (per curiam), the supreme court held that two circuit court judges could not reconsider their recusals because the recusals had ended their jurisdiction. Finally, in *Green v. State*, 21 Ark. App. 80, 729 S.W.2d 17 (1987), this court held that for purposes of the disqualification rules of the Code of Judicial Conduct, a revocation was the same matter in controversy as the underlying criminal action.

Applying these cases, we hold that Judge McCormick was without authority to preside over the revocation proceeding. He lost jurisdiction pursuant to his recusal in the underlying criminal action, and he could not reconsider his recusal in the subsequent revocation proceeding.

The State argues that *Shaffer* is distinguishable because it alleges that the chief justice's order terminating Special Judge Karren's appointment in the case effectively removed the disqualification of the circuit judges of the Fifteenth Judicial District. The State cites *Matthews v. State*, 313 Ark. 327, 331, 854 S.W.2d 339, 341 (1993), for the proposition that "a determination of disqualification will not prevent a judge from reassuming full

3

jurisdiction if the disqualification has been removed." In *Matthews*, the circuit court judge recused from a hearing on a motion for interim attorney's fees prior to trial. The judge later denied a motion to recuse from the case generally, noting that the landlord–tenant relationship between the judge and defense counsel that had prompted the earlier recusal had ended. The supreme court held that there was no abuse of discretion because the fees issue was severable from the merits of the criminal trial and the reason for the disqualification had disappeared by the time the recusal motion was made.

The State contends that Judge McCormick had recused from the initial prosecution due to the demands of his trial docket, and this was no longer a concern. At the hearing on Ward's motion to recuse from the revocation proceeding, Judge McCormick stated that he "would imagine" and was "assuming" that the reason for his recusal in 2016 was that he was told a trial in the matter would take two to three weeks. Even if we relied on the judge's memory regarding the reason, however, Judge McCormick's recusal in 2016 was not a partial recusal on a severable issue. Because he recused himself from the entire case, *Matthews* is clearly distinguishable. Thus, despite the order terminating Judge Karren's appointment, we cannot say that jurisdiction was restored with Judge McCormick. We reverse and remand for further proceedings consistent with this opinion and do not reach Ward's second point on appeal.

Reversed and remanded.

HARRISON and SWITZER, JJ., agree.

*Taylor Law Partners, LLP*, by: *Nick Mote* and *W.H. Taylor*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.