Cite as 2021 Ark. App. 266

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CV-19-851

| | |
|---|---|
| JAMES BATES<br><br>APPELLANT<br><br>V.<br><br>KRISTINE COLLINS HOMAN, IN HER CAPACITY AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF VICTOR COLLINS, DECEASED<br>APPELLEE | **Opinion Delivered:** May 26, 2021<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-18-3180]<br><br>HONORABLE BRADLEY KARREN, JUDGE<br><br>REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

The appellant, James Bates, brings this interlocutory appeal from an order striking his answer filed in a wrongful-death action initiated by the appellee, Kristine Collins Homan. He also challenges a default judgment entered by the circuit court finding him liable for the death of Victor Collins, the appellee's husband. On appeal, Bates argues that the default judgment—and, derivatively, the order striking the answer—should be set aside because it was void for several reasons. He alternatively argues that excusable neglect explains his failure to file a timely answer. We reverse and remand.

### I. *Background*

Bates and Victor Collins were acquaintances. On November 22, 2015, Bates invited Collins to his house to watch a football game. During the event, Bates provided alcohol that both men consumed throughout the day and into the night. Bates eventually retired to bed

leaving Collins in the hot tub on the back patio. He awoke the next morning to find Collins floating face down in the hot tub. Law enforcement investigated the death. They determined that facial injuries and other evidence suggested Collins had been in a physical altercation before he died. As a result, Bates was charged with first-degree murder for Collins's death. His charges were assigned to Division II of the Benton County Circuit court, presided over by Judge Bradley Karren. Bates never went to trial in the criminal case because the State dismissed the charges on November 29, 2017.

## II. *Procedural History*

On November 2, 2018, Collins's widow, Kristine Collins Homan, in her capacity as special administratrix of Collins's estate, filed a wrongful-death action against Bates seeking compensatory and punitive damages based on alternative theories of negligence and intentional conduct. As to negligence, Homan alleged that Bates caused Collins's death by providing him large amounts of alcohol and by leaving Collins, who was "obviously impaired," in the hot tub unsupervised. Alternatively, Homan alleged that Bates caused Collins's death by "willfully inflicting . . . physical force upon [him]." Under both theories (i.e., negligence and intentional conduct), Homan stated that Collins's death occurred in 2015. She went on, however, to state that Bates's alleged tortious conduct was committed in 2017, two years *after* the date of death. Pursuant to the administrative plan in place for the circuit courts of Benton County, her wrongful-death lawsuit was assigned to Division II of the Benton County Circuit court, presided over by Judge Karren.

Bates was served with the summons and complaint on November 6, 2018. He did not file an answer or otherwise appear in the case within thirty days as provided by Ark. R. Civ. P. 12(a) (2020). Consequently, Homan filed a motion for a default judgment on December 10,

2018. The circuit court entered a default judgment against Bates later that day and determined that the amount of Homan's damages would be decided by a jury.

Bates immediately and over the course of several months began a course of attempts to have the default judgment set aside. On December 11, the day after the default judgment was entered, Bates filed a motion to have the default judgment set aside asserting that "mistake, inadvertence, and/or excusable neglect" explained his failure to respond to the complaint.[1] More specifically, Bates contended that his counsel, Kathleen Zellner, who had represented him in his criminal proceedings, informed Homan's counsel of Bates's intention to defend the lawsuit well before the deadline to answer.[2] Bates further alleged that Zellner sent an email to Homan's counsel, dated December 3, informing that Bates would seek an extension of time to file an answer. On the same day as the email, Zellner informed Bates that she would no longer be able to represent him. Bates explained that he did not thereafter file a *pro se* entry of appearance because he believed, in light of Zellner's communications manifesting his intention to defend the lawsuit, that Homan would notify him before seeking any default judgment.

Homan responded to the motion set aside the default judgment, to which Bates filed a reply.[3] In his reply, Bates amplified his prior claim that there was excusable neglect and added a new ground for setting aside the default judgment arguing that the default judgment was void

---

[1]This original motion, which was subsequently withdrawn, was filed through counsel Erin Cassinelli.

[2]In his motion, Bates alleged that Zellner sent a letter dated November 7, 2018, denying the allegations of the complaint and threatening to "countersue and seek Rule 11 sanctions."

[3]This reply was filed by new counsel, Jeffery Elliot, on December 27, 2018.

because the complaint failed to state a cause of action for negligence. According to Bates, Homan's claim that Bates negligently provided alcohol to Collins was barred by the social-host-immunity statute, Arkansas Code Annotated section 16-126-106 (Repl. 2016).

In addition, Bates filed an answer in which he denied "all allegations of intentional misconduct, negligence, or fault" and denied "that any act or omission" on his part "caused injury to Plaintiff." As relevant here, Bates also asserted, as an "affirmative defense," that section 16-126-106 provides that "a social host cannot be held responsible for injuries sustained by a guest as a result of said guest's act of consuming alcohol provided by the social host." Homan moved to strike the answer, arguing that Bates was not entitled to raise an affirmative defense subsequent to the entry of default on the issue of liability.

The circuit court conducted a hearing on Bates's motion to set aside the default judgment and Homan's motion to strike the answer.[4] On January 25, 2019, the court entered an order. As to the default judgment, the court determined that there was no excusable neglect. Specifically, the court found that "it is unreasonable and not excusable neglect for [Bates's] attorney, Kathleen Zellner, and [Bates] to assume that an extension of time to plead or otherwise respond to the complaint would be granted." The court further found that "Ms. Zellner's neglect is imputed to [Bates] and, therefore, there is no mistake, inadvertence, or surprise that would justify setting aside the default judgment[.]"

---

[4]At the hearing, the circuit court determined that the original motion to set aside, filed by counsel Cassinelli, contained factual errors. At Cassinelli's request, the court allowed a withdrawal of this pleading from consideration "as if the document were never filed" and substituted Bates's reply, filed by counsel Elliot, as the only request to set aside the default judgment. Consequently, we will hereinafter refer to the converted reply as the "first" motion to set aside.

4

The circuit court also rejected Bates's argument that the default judgment was void finding that "Ark. Code Ann. section 16-126-106 is an affirmative defense which has been waived by [Bates's] failure to timely plead." The circuit court also made the alternative finding that "even if the defense had not been waived, [the statute] would not apply because [Homan's] claims are not limited to the act of a social host providing alcohol." As to the motion to strike, the court determined that it was "moot" based upon its ruling denying the motion to set aside default.

Having retained new counsel, Bates filed a motion requesting that Judge Karren recuse himself and a new "motion to set aside default judgment and reconsider order denying defendant's motion to set aside default judgment." In his recusal motion, Bates alleged that Judge Karren's involvement in the criminal case warranted his mandatory recusal from all further proceedings in the wrongful-death lawsuit, including the determination of damages. In his new motion to set aside, he asserted for the first time that the judgment was void and should be set aside for the following reasons: (1) the summons was defective; (2) the complaint failed to state facts upon which relief could be granted on the theories of negligence and intentional conduct; (3) Judge Karren's mandatory obligation to recuse himself left him without jurisdiction; and (4) Bates was not afforded adequate notice before the circuit court granted the motion for default judgment. Bates further argued, as he did in his first motion to set aside, that there was "mistake, inadvertence, and/or excusable neglect" and meritorious defenses that warranted relief from the default judgment.

On April 8, 2019, the circuit court entered an order that denied Bates's renewed effort to have the default judgment set aside. The court followed with an order that struck Bates's

5

answer because "the default judgment remains in effect." Bates appealed arguing that the orders striking the answer and denying his motions to set aside the default judgment should be reversed.

II. *Applicable Law and Standards of Review*

Bates pursues this appeal pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(4) (2020). Rule 2(a)(4) allows an appeal from an order that strikes an answer. Our supreme court has construed this rule to authorize an appeal when an answer has been struck, even if a final judgment has not yet been entered, and that in deciding the appeal, an appellate court should rule on the merits of all the issues dependent upon the stricken answer, including motions to set aside any default judgments. *See Arnold & Arnold v. Williams*, 315 Ark. 632, 636–37, 870 S.W.2d 365, 367 (1994).

Bates challenges the denial of his motion to set aside the default judgment. We have long held that default judgments are not favored, and they should be avoided when possible. *Riggs v. Riggs*, 2020 Ark. App. 381, at 10, 606 S.W.3d 588, 593. "One reason courts are admonished to avoid default judgments when possible is that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties." *Id.*

Nevertheless, default judgments are allowed and are governed by Rule 55 of the Arkansas Rules of Civil Procedure. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the Arkansas Rules of Civil Procedure, a judgment by default may be entered by the circuit court. *See* Ark. R. Civ. P. 55(a) (2020). Pursuant to Rule 55(c), a party against whom a default judgment has been entered may move to set aside the default judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) any other reason justifying relief

6

from the operation of the judgment. In addition, "[t]he party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown." *Id.*

Our standard of review for an order denying a motion to set aside a default judgment depends on which grounds the appellant claims the default judgment should be set aside. *Lockard & Williams Ins. Servs., Inc. v. Waldrip*, 2020 Ark. App. 274, at 4, 600 S.W.3d 662, 665. When appellants claim that the default judgment is void, this court conducts a de novo review and gives no deference to the circuit court's ruling because the matter on appeal is a question of law. *Id.* at 4–5, 600 S.W.3d at 665. In all other challenges to the denial of a motion to set aside a default judgment, this court does not reverse absent an abuse of discretion. *Id.*

III. *Discussion*

A. Arguments Not Preserved

For purposes of this opinion, Bates raises six arguments for reversal. We will not address the merits of four of these arguments because they are not preserved for appeal, as explained in the following section.

1. *Recusal*

Bates argues that the default judgment is void because Judge Karren, who approved several search warrants and otherwise presided in Bates's criminal proceedings, was disqualified from hearing Homan's wrongful-death lawsuit. According to Bates, Rule 2.11(A)(6)(d) of the Arkansas Code of Judicial Conduct imposes a mandatory obligation on Judge Karren to disqualify himself from the wrongful-death case even in the absence of an objection, and Judge Karren's failure to recuse himself divested him of jurisdiction to enter the default judgment.

7

Homan responds that Bates waived Judge Karren's alleged disqualification by failing to raise the issue in his first motion to set aside. We agree that the argument is waived.

Both our court and the supreme court once held that a judge's disqualification may be reached for the first time on appeal, *see Adams v. State*, 269 Ark. 548, 551–52, 601 S.W.2d 881, 884 (1980); *see also Green v. State*, 21 Ark. App. 80, 81, 84–85, 729 S.W.2d 17, 20 (1987). However, in *Worth v. Benton County Circuit Court*, 351 Ark. 149, 154–55, 89 S.W.3d 891, 895 (2002), the supreme court held that a judge's alleged disqualification may be waived "by a failure to seasonably object." *Worth*, 351 Ark. at 154, 89 S.W.3d at 895. In *Ashley v. Ashley*, 2012 Ark. App. 230, at 3–4, we held that "[t]o preserve a claim of judicial bias for review, appellant must have made a timely motion to the circuit court to recuse." Then in *Rayford v. State*, 2020 Ark. 299, at 5, the supreme court reaffirmed that "[t]he disqualification of a judge may be waived by the failure to timely object."

It is well settled that a party must object at the first opportunity to preserve an issue for appeal, *see In re Estate of Smith*, 2020 Ark. App. 113, at 18, 597 S.W.3d 65, 76, including arguments that default judgements should be set aside. Bates did not raise Judge Karren's alleged disqualification in his original motion to set aside the default judgment. Accordingly, Bates failed to raise this issue at his first opportunity to challenge the default judgment, and we decline to consider it here.[5]

---

[5]Bates also argues that Judge Karren's alleged disqualification is a jurisdictional matter that cannot be waived. We are not persuaded. Our cases simply do not support Bates's claim that a judge is divested of jurisdiction "when he abuses his discretion by *failing* to recuse" according to Rule 2.11's mandate. *See Kelly v. Miss. Cty. Cir. Ct.*, 374 Ark. 396, 398, 288 S.W.3d 243, 244 (2008) (holding that judges who recused themselves lacked jurisdiction to reconsider their own recusal); *Wakefield v. Wakefield*, 64 Ark. App. 147, 154, 984 S.W.2d 32, 35–36 (holding that a contempt order issued on the same day that the judge recused himself was void); *Bolden v. State*, 262 Ark. 718, 720, 561 S.W.2d 281, 283 (1978) (having

## 2. *Typographical errors and conclusory statements*

Bates argues that the circuit court erred by refusing to set aside the default judgment because the complaint failed to state causes of action for negligence and intentional tort. He contends that the factual allegations in the complaint "vitiate any cause of action" because they allege that he committed the negligent and intentionally tortious conduct in 2017, two years *after* the November 22, 2015, date the complaint alleges that Collins died. Bates asserts that "[i]f the complaint's allegations are true, Mr. Collins was dead before Mr. Bates's alleged acts upon which the complaint predicates liability, negating any conceivable claim of negligence or intentional tort against Mr. Bates for Mr. Collins's wrongful death." Finally, Bates argues that the complaint's allegations of intentional conduct fail to allege sufficient facts to state a cause of action. Those allegations are conclusory, he says, because they are based on "information and belief," and they fail to detail the facts of the physical altercation that Homan claims caused Collins's death.

While we are inclined to agree that the alleged facts vitiate Homan's claims, we cannot reach the merits of the argument because Bates failed to preserve it for appellate review. As we indicate above, a party must object at the first opportunity to preserve an issue for appeal, *see In re Estate of Smith*, 2020 Ark. App. 113, at 18, 597 S.W.3d at 76, and Bates did not raise this issue, as he could have, in his first motion to set aside the default judgment. Rather, Bates made the argument for the first time in his *second* effort to have the default judgment set aside; that is, in the "motion to set aside default judgment and reconsider order denying defendant's motion

---

excused himself from the case, the trial judge "lost jurisdiction of the case and was without authority to act further in any judicial capacity").

9

to set aside default judgment" that he filed on March 1, 2019. Thus, it is not preserved for our review.

### 3. *Summons*

Bates contends that the circuit court erred by denying his motion to set aside the default judgment alleging that he was served with a defective summons. Bates admits that he was served with a summons but contends that the document did not contain the title "summons" as set forth in the official form adopted by our supreme court. In response, Homan admits that the document did not contain the title "summons" but argues that this failure does not make the summons defective. Homan also asserts that Bates waived his challenge to the sufficiency of the summons when he failed to raise it in his untimely answer or, for that matter, in any other motion or pleading that he filed prior to his second motion to set aside the default judgment. We agree that Bates waived his challenge to the sufficiency of the summons.

A court must have jurisdiction over a defendant, and service of valid process is the vehicle by which the court obtains jurisdiction. *See Goodson v. Bennett*, 2018 Ark. App. 444, at 7, 562 S.W.3d 847, 855. A person served with invalid process can raise a defense of personal jurisdiction. "The defense of personal jurisdiction, however, may be waived by the appearance of the defendant without raising an objection." *Id.* "This court has long recognized that any action on the part of a defendant, except to object to jurisdiction, which recognizes the case in court, will amount to an appearance." *Id.* (internal quotation marks omitted). "In deciding whether a defendant has waived his rights and entered an appearance, a determining factor is whether the defendant seeks affirmative relief." *Id.*

Obviously, a defendant seeks affirmative relief by the filing of counterclaims, crossclaims, and third-party claims in which a defendant "invokes the jurisdiction of the court" and thereby

"submits to it." *Arkansas Game and Fish Comm'n v. Lindsey*, 292 Ark. 314, 319–20, 730 S.W.2d 474, 476, 478 (1987). This court has also concluded that other requests demonstrating acquiescence to the trial court's jurisdiction, such as a motion for a stay of a final divorce hearing, *see Goodson*, 2018 Ark. App. 444, at 8, 562 S.W.3d at 855, or a bondsman's motion for additional time to locate a fugitive for a bond-forfeiture hearing, *see Affordable Bail Bonds, Inc. v. State*, 2015 Ark. App. 44, at 5, also seek the sort of affirmative relief that waives personal jurisdiction.

In this case, Bates filed a motion to extend time to respond to the complaint, filed his first motion to set aside the default judgment, filed a motion for continuance, and filed a motion requesting that Judge Karren recuse from the case. In these motions, he did not challenge the sufficiency of the summons.[6] Accordingly, we conclude that Bates sought affirmative relief and waived his challenge to the sufficiency of the summons well before he raised it for the first time in his second motion to set aside the default judgment.

### 4. *Notice*

Bates contends that the circuit court erred by denying his motion to set aside the default judgment because he was not provided with three days' notice that the motion had been filed under Ark. R. Civ. P. 55(b) or ten days to respond to the motion as provided in Ark. R. Civ. P. 6(c). We do not address the merits of this argument because Bates failed to raise it in his first

---

[6]In fact, Bates's untimely answer expressly conceded that the circuit court had personal jurisdiction over him. In paragraph five of the answer, Bates admits "that both jurisdiction and venue are proper in this court, *as same has been asserted in paragraph no. 5 of [the] complaint*." Paragraph 5 of the complaint stated, moreover, that the circuit court "ha[d] jurisdiction over the parties and the subject matter of [the] case."

motion to set aside the default judgment. Consequently, it also is not preserved for our review. *See In re Estate of Smith*, 2020 Ark. App. 113, at 18, 597 S.W.3d at 76.

## B. Excusable Neglect[7]

Bates contends that the circuit court abused its discretion when it denied his motion to set aside the default judgment on the basis of excusable neglect.[8] He argues that he took "numerous steps to ensure that his interests were defended," including promptly retaining counsel to defend against the complaint, "review[ing] court records on his own initiative," and "aggressively [seeking] to have [the] case heard on the merits" upon learning that a motion for default judgment had been filed. Bates contends that this level of diligence, which exceeds that of other defendants whose default judgments were set aside for excusable neglect, *see Burns v. Madden*, 271 Ark. 572, 609 S.W.2d 55 (1980), warranted setting aside the default judgment in his case. We disagree.

The circuit court did not abuse its discretion by rejecting Bates's claim of excusable neglect. Bates still had some form of an attorney-client relationship with Zellner, but Zellner failed to attend to business. She waited to seek an eleventh-hour extension despite outlining a vigorous defense in correspondence that she sent to Homan's counsel the day after Bates had been served. She also engaged in two erroneous assumptions: (1) that Homan's counsel would acquiesce to her request for an extension and (2) that the circuit court would readily grant it. Our court has held that a "[f]ailure to properly attend to business and answer a lawsuit does not constitute a legally acceptable reason or excuse for setting aside a default judgment under Rule

---

[7]This argument was raised in Bates's first motion to set aside. It is therefore preserved.

[8]Although Bates raises this as the final argument in his brief, we consider it out of the order raised.

55(c)." *Nissan N. Am., Inc. v. Harlan*, 2017 Ark. App. 203, at 9, 518 S.W.3d 89, 95. Both our court and the supreme court have held that "an attorney's acts of omission," moreover, "are to be regarded as the acts of the client he represents, and the negligent acts of the attorney are equivalent to the negligence of the client himself." *Self v. Self*, 319 Ark. 632, 637, 893 S.W.2d 775, 779 (1995); *see also Springdale Mem'l Hosp. v. Dir. of Labor*, 34 Ark. App. 266, 268, 809 S.W.2d 828, 829 (1991) ("[A] a client is bound by the acts of his attorney . . . including the attorney's negligent failure to file proper pleadings."). As a result, Zellner's actions and inactions are imputed to Bates, and his diligence alone does not warrant setting aside the default judgment.

C. Social Host/Proximate Cause[9]

Finally, Bates contends the complaint fails to allege facts sufficient to establish that his furnishing alcohol to Collins was the proximate cause of his death. His argument is based on the language of the complaint and the language of Arkansas Code Annotated section 16-126-106. We will now consider the language of the complaint and the statute.

In her complaint, Homan averred that Bates invited Collins to his home to watch a football game. Collins accepted the invitation, went to Bates's home, watched the game, and consumed alcohol provided by Bates. After the game, Bates and Collins entered into a hot tub located on Bates's property. Once there, Collins continued to consume alcohol provided by Bates to the point of "extreme and obnoxious" intoxication. At 9:00 a.m. the next day, Bates informed law enforcement that Collins was floating face down in his hot tub. Bates argues that these alleged facts prove nothing more than that he acted as a social host to Collins and cannot constitute a basis for proximate cause under Arkansas Code Annotated section 16-126-106.

---

[9]This argument is also preserved because it was raised in Bates's first motion to set aside.

13

Arkansas Code Annotated section 16-126-106 provides as follows:

> In no event will the act of providing alcoholic beverages to a person who can lawfully possess them by a social host, or other person who does not hold an alcoholic beverage vendor's permit, constitute a proximate cause of any personal injuries or property damages which may be subsequently caused by an individual consuming any alcoholic beverages so provided.

Section 16-126-106 provides for immunity from civil liability by negating a necessary element of any prima facie case for negligence—proximate cause. Indeed, it expressly provides that a social host's lawful provision of alcohol to a person cannot "constitute a proximate cause of any personal injuries or property damages" later caused by an intoxicated guest.

Here, Homan's complaint cannot support a judgment that Bates was negligent. Generally, "[a] default admits only those facts alleged in the complaint[,] and if they are insufficient to support the judgment, it will be reversed." *Nucor Corp. v. Killman*, 358 Ark. 107, 127, 186 S.W.3d 720, 732 (2004) (quoting *Wilson v. Overturf*, 157 Ark. 385, 248 S.W. 898 (1923)). The complaint does not allege negligent conduct that is independent of Bates's furnishing alcohol to Collins. It contains several allegations that emphasize that Collins consumed alcohol that Bates provided, and it alleges that Collins died in the hot tub as a result of his intoxication. Indeed, the complaint summarizes the negligence claim in the following manner:

> [Bates] breached this duty of care by providing large amounts of alcohol to Victor, by allowing him to enter into and remain in his hot tub after he was obviously impaired and by leaving him alone in his hot tub for hours knowing full well the amount of alcohol he had consumed and his level of intoxication.

Pleaded and summarized in this way, Homan's claim is materially indistinguishable from a claim that a social host was negligent for failing to take reasonable measures to prevent an intoxicated guest from driving a car, which is barred by section 16-126-106. *See Archer v. Sigma Tau Gamma*

14

*Alpha Epsilon, Inc.*, 2010 Ark. 8, at 10, 362 S.W.3d 303, 309. Accordingly, because the complaint cannot support a judgment that Bates's alleged negligence caused Collins's death, we reverse the order denying Bates's motion to set aside the default judgment on that claim.

Bates further argues that the circuit court abused its discretion by refusing to set aside the default judgment because its primary reason for doing so—that the social-host statute is an affirmative defense that Bates waived when he failed to answer—was erroneous. We agree.

"An affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." 61A Am. Jur. 2d *Pleading* § 300 (2021). "In other words, assuming a plaintiff's factual allegations make out a cause of action, an affirmative defense bars it, while on the other hand, a matter that merely negates an element of the plaintiff's prima facie case is not an affirmative defense." *Id*; *see also Vent v. Johnson*, 2009 Ark. 92, at 11–13, 303 S.W.3d 46, 51–52 (holding that plaintiff was not required to plead the existence of liability insurance to defeat qualified immunity; the defendant, rather, was required to prove its absence as an affirmative defense).[10] Here, the social-host statute negates an element of the plaintiff's prima facie case and is not an affirmative defense. *Cf. Leonardi v. Loyola Univ. of Chicago*, 658 N.E. 2d 450, 455 (Ill. 1995) ("The element of proximate cause is an element of the plaintiff's case. The defendant is not required to plead lack of proximate cause as an affirmative defense."). Thus, we agree that the court erred in determining that the social-host statute is an affirmative defense.

---

[10]Homan's contrary reliance on *Vent* and *Entertainer, Inc. v. Duffy*, 2012 Ark. 202, 407 S.W.3d 513, is unavailing. Neither case addressed a defense that negates a required element of a tort claim as the social-host-immunity statute does here.

IV. *Conclusion*

The social-host-immunity statute is not an affirmative defense that Bates waived when he failed to file a timely answer, and the statute provides that Bates's alleged negligent conduct—providing large amounts of alcohol to Collins—cannot be the proximate cause of Collins's death. Therefore, because the complaint fails to state a cause of action for negligence, we reverse the order striking the answer and the orders denying Bates's motion to set aside the default judgment and remand the case to the circuit court.

Reversed and remanded.

KLAPPENBACH and VAUGHT, JJ., agree.

*Quattlebaum, Grooms & Tull PLLC*, by: *E. B. Chiles IV*, *Joseph R. Falasco*, and *Philip A. Elmore*, for appellant.

*Wilkinson Law Firm*, by: *Randall Wakefield* and *Shane Wilkinson*, for appellee.